## BLESSING vs. DAVIS.

In a declaration in *slander* charging the defendant with having adopted certain *slanderous words* used by another, the *words spoken in the first instance must be set forth;* it is not enough to say that the speaker did charge and impute to the plaintiff the *crime of perjury.*

THIS was an action of *slander*, tried at the Albany circuit in April, 1837, before the Hon. JAMES VANDERPOEL, then one of the circuit judges.

The several counts of the declaration (among other charges of direct and particular sets of confessedly slanderous words laid in various ways) sought to fix a slander upon the defendant as having adopted certain words previously used by one Batterman, and saying they were true. In order to introduce these words, the declaration recited the trial of a cause in a justice's court wherein the plaintiff was a party, and that an affidavit was made by him as the ground of an appeal, and averred that Batterman, in speaking of the cause tried, and the affidavit, &c. " did charge and impute to the said plaintiff, the crime of perjury in making said affidavit." It then went on to state that the defendant, speaking of the same cause, affidavit, &c. and of *the charge made by Batterman, said, " it is true, and [ *101 ] adding the adoption of the words in various forms, among which were these : " What Batterman said about Blessing (the plaintiff's) swearing false, is true." On the trial, the plaintiff, among evidence tending to prove the directly slanderous charges as stated in the various counts, offered to prove the slander uttered by Batterman, which was objected to because the words were not particularized in the declaration. The judge allowed the objection, the plaintiff excepting ; and the jury found for the defendant, on the other evidence, on the ground, as they stated, that the plaintiff had failed in proving his declaration.

The plaintiff moves for a new trial.

*J. Van Buren*, for the plaintiff.

*S. Stevens*, for the defendant.

*By the Court,* COWEN, J.   It is conceded that, had the defendant been charged as the originator of the slanderous words, the declaration would be bad in substance, by reason of its generality.   *Ward* v. *Clark,* 2 *Johns. R.* 10, 13.   But it is denied that the same particularity is requisite where the imputed slander consists in adopting the words of another.   We can perceive no reason for the distinction.   In the first case the object is to see whether the words imputed to the defendant by the declaration are slanderous in their character, and give notice to him so that he may know against what he is to defend himself.   The same reasons obviously apply to the latter.

It is supposed that the only mode in which the defendant could avail himself of the objection, was by demurring or moving in arrest.   And this would generally be so of counts entirely defective.   In such case, if the defendant take issue, the action is maintained at the circuit, if the proof come up to it.   But it is otherwise where the plaintiff states a sufficient cause of action, in the same count with another cause deficient in substance.   [ *102 ] The course then may be to *reject the bad as surplusage, disallowing all proof in relation to it at the trial, and putting the plaintiff to sustain the good part.   *Douglass* v. *Satterlee* 11 *Johns. R.* 16.   That was done here.

New trial denied.