## MICHAEL J. CURLEY v. BERNARD J. FEENEY.

Submitted March 28, 1898—Decided June 13, 1898.

1. The defamatory words set forth in a declaration, spoken by the defendant of and concerning the plaintiff, "You killed Thorne and you are now trying to kill Harrison," and again, "You killed one engineer before; you killed Thorne and you are now trying to kill Harrison," are words which impute a criminal offence or offences to the plaintiff and render an innuendo in the pleading unnecessary.

2. In a declaration for slander, if the defamatory words can be understood as imputing crime to the plaintiff, no innuendo is necessary, and if it be averred it can be treated as surplusage, but will not render the pleading demurrable because the innuendo attributes a meaning to the words which they will not bear.

3. The office of the innuendo is more properly confined to a reference to previous matter as bearing upon the meaning of the words, or when the words spoken are apparently innocent and inoffensive but where, nevertheless, by virtue of their connection with the collateral circumstances as averred, they convey a latent and injurious imputation.

4. Under the statute in this state (*Gen. Stat.*, p. 2255, *Practice act*, § 122) the pleader may aver that the words set forth were used in any defamatory sense he may see fit to attribute to them.

On demurrer to declaration.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the demurrant, *Allan L. McDermott.*

For the plaintiff, *Corbin & Corbin.*

The opinion of the court was delivered by

LIPPINCOTT, J. This is an action for slander. The declaration, consisting of one count, contains all the necessary formal averments. A demurrer has been filed, and the first cause of demurrer is that the declaration does not show a cause of action, and secondly, that the declaration does not, by the innuendo, specify the defamatory sense in which the words complained of are used.

Under these two causes of demurrer the objection, specifically, is that one of the two acts with which the plaintiff is charged by the defendant by the alleged defamatory words is not criminal, and that the innuendo does not set forth the sense in which the words are used nor what crime was imputed to the plaintiff.

It appears from the averment that the plaintiff was a contractor, engaged in the improvement of a public road in the county of Hudson, under the superintendence of one Harrison, as engineer, and his assistants, one of whom was one Thorne, who, at the time of the speaking of the defamatory words, was dead. The alleged defamatory words are averred to have been used by the defendant in a certain discourse between himself and the plaintiff, in the presence of others. The words spoken were, "You [meaning the plaintiff] killed Thorne and you are now trying to kill Harrison," and also, again, the words, "You [meaning the plaintiff] killed one engineer before; you killed Thorne and you are trying to kill Harrison." The innuendo as averred is, "meaning thereby that the plaintiff had been guilty of a criminal offence."

The colloquium is distinctly averred and the meaning of the words in connection therewith is clear, and the contention of the defendant is fully answered by the application to the defamatory words of the principle that if they can be understood as imputing a crime no innuendo whatever is necessary, and as the innuendo in this case does nothing more than to aver that, by the use of the slanderous words, a crime was imputed to the plaintiff without purporting to charge what criminal offence was so imputed, the innuendo can be treated as mere surplusage. The words can be left to speak for themselves, and as they impute a criminal offence, the innuendo cannot change their meaning, nor can it be used for that purpose or give them a meaning they will not bear. *Webb* v. *Beavan*, 11 *Q. B. Div.* 609; *Kinahan* v. *McCullagh*, 11 *Ir. C. L.* 1; *Saunders* v. *Edwards*, 1 *Sid.* 95; *Francis* v. *Roose*, 3 *Mees. & W.* 191.

The words distinctly impute to the plaintiff the killing of one person and with being engaged in an attempt to kill another.

The defendant cannot claim that an innuendo is necessary to inform him which act he is charged with or with what crime he is charged, farther than he is informed by the averment of the words used. Because two criminal offences are, by the words themselves, imputed to the plaintiff, does not give rise to the necessity of an innuendo to inform him of what particular imputation will be insisted upon at the trial. The whole conversation can be set out, although but one part thereof is actionable. *Deyo* v. *Brundage*, 13 *How. Pr.* 221; *Blessing* v. *Davis*, 24 *Wend.* 100. When a crime or crimes are imputed by the words there can exist no need of an innuendo nor any need of any averment of explanation of the sense in which the words were spoken. *Levi* v. *Milne*, 4 *Bing.* 195. The words only need to be averred. 13 *Am. & Eng. Encycl L.* 469; *Odg. Lib. & S.* 80, 81, 93.

Where the words complained of, although their sense may be enlarged or diminished by the innuendo, are plainly actionable on their face, the innuendo would be treated as mere sur-

plusage. It would be immaterial as an issue of law what the meaning of the words might be averred to be by the innuendo. *Fry* v. *Bennett*, 5 *Sandf.* 54 ; *Kraus* v. *Sentinel Co.*, 60 *Wis.* 425 ; *Thomas* v. *Croswell*, 7 *Johns.* 264.

The fact that the innuendo attributes a meaning to the words which they will not bear is no ground for sustaining a demurrer to the declaration on the ground that it does not contain sufficient averments to sustain a cause of action. The objectionable innuendo is treated as surplusage. *New. Sland.* 629. The actionable nature of the words is a matter of law which the court collects from the facts if they warrant such a conclusion, and if they do not no innuendo of their legal ‑ effect will avail, and it does not seem necessary that the innuendo, in specific terms, should state the legal inference to be drawn from the words spoken as connected with the other facts averred.

The office of the innuendo is more properly confined to the reference to the previous matter as bearing upon the meaning of the words. It is fully exemplified when the language of the defendant is apparently innocent and inoffensive, but where, nevertheless, by nature of their connection with the collateral circumstances as averred, they convey a latent and injurious imputation. *Stark. Sland.* (*Wend. notes*) 428 ; *Hill* v. *Craig*, 2 *Gr.* 577.

Under the statute in this state the pleader may aver that the words set forth were used in any defamatory sense he may see fit to attribute to them. *Gen. Stat.*, *p.* 2554, § 124 ; *Hand* v. *Winton*, 9 *Vroom* 122.

The demurrer is overruled, with costs.