ALLEN v. OPPENHEIMER.

(Circuit Court, D. New Jersey.   January 25, 1909.)

1. **LIBEL AND SLANDER** (§ 86*)—STATUTES—DECLARATION.

Practice Act N. J. (P. L. 1903, p. 568) § 106, provides that in libel or slander plaintiff may aver that the words or matter complained of were used in a defamatory sense, specifying it, without any prefatory averment to show how the words or matter were used in that sense, which averment shall be put in issue by the denial of the alleged libel or slander, and if the words or matter pleaded, with or without the alleged meaning, show a cause of action, the declaration shall be sufficient. *Held,* that plaintiff, under such section, may set out the words complained of, and put on them, by innuendo or specified defamatory sense, any construction he may see fit, without showing, by colloquium or other explanatory matter, how the words contained a defamatory charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 205; Dec. Dig. § 86.*]

2. **LIBEL AND SLANDER** (§ 86*)—DECLARATION—COUNTS.

Under Practice Act N. J. (P. L. 1903, p. 568) § 106, authorizing plaintiff in libel or slander to aver that the words or matter complained of were used in a defamatory sense without prefatory averment, where the matter is actionable per se, and plaintiff by innuendo puts a construction on them different from what they would mean without the innuendo, the declaration should be read as though it contained two counts, one with the innuendo and the other without it.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 86.*]

3. **LIBEL AND SLANDER** (§ 94*)—DECLARATION—PLEA.

A declaration for slander charged the slanderous statement to be, "His future will be more connected with prison than in snuff business," and by innuendo imputed to the words a construction clearly slanderous. The defendant denied by plea of general issue that the words were spoken either with or without the imputed sense, and in justification pleaded certain transactions, prior to the utterance of the words, intending to show that the meaning imputed to the words by plaintiff was not the true meaning, and declared that defendant, in speaking the words, used them in their ordinary significance. *Held,* that the plea of justification tendered a defense to the charge of words slanderous per se that could not be availed of under the general issue, and hence could not be properly stricken out.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219–225; Dec. Dig. § 94.*]

At Law.   On motion to strike out pleas.

George S. Silzer, for plaintiff.
McCarter & English, for defendant.

LANNING, District Judge.   This is an action in tort for slander. The declaration contains five counts.   To these counts collectively there is a plea of the general issue, and to each of them there is an additional plea of justification.   The motion is to strike out the pleas of justification.

The 106th section of the New Jersey practice act (P. L. 1903, p. 568) is as follows:

"In an action founded on a libel or slander, the plaintiff may aver that the words or matter complained of were used in a defamatory sense, specify-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing such defamatory sense, without any prefatory averment to show how such words or matter were used in that sense, and such averment shall be put in issue by the denial of the alleged libel or slander; and if the words or matter set forth with or without the alleged meaning show cause of action, the declaration shall be sufficient."

This section was transcribed into the statutes of New Jersey in 1855 (Act March 17, 1855 [P. L. p. 295] § 26) from the sixty-first section of the English common-law procedure act of 1852. Its purpose, as explained by the courts of England and New Jersey, was to give the plaintiff the right to set out in his declaration the words complained of, and to put upon those words, by innuendo or specified defamatory sense, any construction he may see fit to attribute to them, without showing, by means of a coloquium, or other explanatory matter, how the words contained a defamatory charge. Hemmings v. Gasson, 4 Jur. (N. S.) 834; Hand v. Winton, 38 N. J. Law, 122; Andrew v. Deshler, 43 N. J. Law, 16. The effect of this change in the law of pleading, as to this class of cases, is that if the words complained of are actionable per se, and the plaintiff by innuendo puts a construction upon them different from what they would mean without the innuendo, the count containing them should be read as two counts, one with the innuendo and the other without it. Such was the conclusion reached in Watkin v. Hall, L. R. 3 Q. B. 396, and in view of the last clause of the section the conclusion seems to be sound. In Feder v. Herrick, 43 N. J. Law, 24, the same idea was expressed by Chief Justice Beasley when he said:

"At the trial it will, indeed, be incumbent on the plaintiffs to show that this writing is actionable, either in its natural or imputed sense."

If the words complained of charge a crime, and the innuendo imputes to them a meaning they cannot possibly bear, the innuendo will be rejected as surplusage, and the words taken in their natural and ordinary sense. Curley v. Feeney, 62 N. J. Law, 70, 40 Atl. 678.

In the first count of the declaration now before the court the words complained of are:

"His future will be more connected with prison than in snuff business."

Without considering whether these words, which it is alleged were spoken of and concerning the plaintiff, and of and concerning his manufacturing business, are slanderous per se (see Friesinger v. Moore, 65 N. J. Law, 286, 47 Atl. 432), a meaning has been imputed to them by innuendo which, if proven, makes them clearly slanderous. The plea of the general issue denies that the words were spoken either with or without the imputed sense. The plea of justification sets forth certain transactions between the plaintiff and defendant, and between the plaintiff and one Arnold Sampter, covering a period prior to the alleged utterance of the words, which transactions are intended to show that the meaning imputed to the words by the plaintiff is not the true meaning, and then declares that the defendant—

"did speak and publish the said words in the said first count of the said declaration hereinbefore more particularly set forth and mentioned, using said words in the natural and ordinary meaning of said words in the conversation and under the circumstances in which said words were spoken,

and not with the meaning attributed to said words in the innuendo charged in the said first count of the said declaration, as he lawfully might do for the cause aforesaid."

The objection to this plea is that it amounts to the general issue. It must be borne in mind, however, that, assuming the count to set forth words that are actionable per se, which for the present purpose is done, because the question has not been argued, it must be read as two counts, one with and the other without the innuendo. If, on that assumption, and under the plea of the general issue alone, the proof should show that the defendant did speak the words, but not with the meaning imputed to them by the innuendo, the defense would fail; for, without a plea of justification, the defense would simply be, first, that the defendant did not speak the words at all, and, second, that he did not speak them with the meaning imputed to them by the plaintiff. It is true that, in his proofs to show that he did not speak the words with the meaning imputed to them by the plaintiff, it might appear that he did not speak them in any slanderous sense; but such proofs, while furnishing a good defense to the count when read with the imputed meaning, would furnish no defense to it when read without the imputed meaning. The case would then be like Maguire v. Knox, 5 Ir. Rep. (C. L.) 408, where the jury found the words complained of libelous, but rejected the meaning imputed to them by the plaintiff's innuendo. The court refused to disturb a verdict for nominal damages.

My opinion is that the plea of justification to the first count tenders a defense that cannot be availed of under the general issue, and, consequently, that it cannot be stricken out. What has been said concerning this plea is equally applicable to each of the other pleas of justification.

The motion will be denied.