THE GERM PROOF FILTER COMPANY, Appellant, *v.* THE PASTEUR CHAMBERLAND FILTER COMPANY, Respondent.

*Action brought to recover damages for slander — complaint — necessary allegations thereof.*

A complaint in an action brought to recover damages for slander, which does not allege the particular words spoken by the defendant constituting the slander, and for the uttering of which damages are demanded, is bad.

In actions for slander of title it is necessary for the plaintiff to allege and prove that he owned the property spoken of, and in an action to recover damages for saying that a particular article is not patented, the plaintiff must allege and prove that it was.   An allegation that the defendant falsely said that the plaintiff had no title or no patent is not equivalent to an allegation that the plaintiff had title or held a patent.

In case words are not actionable unless certain circumstances exist, these circumstances must be alleged in the complaint in an action brought to recover damages for slander, in order to state a cause of action.

APPEAL by the plaintiff, The Germ Proof Filter Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of March, 1894, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

The plaintiff is a corporation organized under the laws of this State, and the defendant is a corporation organized under the laws of the State of Ohio.   These corporations are rivals in the business of manufacturing and selling water filters.   It is alleged in the complaint that Whitall, Tatum & Co., a firm engaged in business at New York, Philadelphia and Chicago, were the agents of the plaintiff to sell its water filters through said firm's salesmen traveling in

the United States, Canada, Central and South America, of which the firm had many. It is also alleged:

" 6. That defendant is the manufacturer of a certain rival water filter, and that, with the intent and for the purpose of injuring the credit, reputation, business and standing of plaintiff, defendant, by and through its officers, agents and servants, at divers times during the months of May and June, 1891, falsely and maliciously uttered, published and declared to members of the said firm of Whitall, Tatum & Company, and to their agents and servants, and to divers other persons to plaintiff unknown, the following false and defamatory matter, to wit: That plaintiff had infringed the patent of defendant, and had falsely, fraudulently, and, for the purpose of deceiving the public, marked its (to wit, the plaintiff's) filters with the word 'patented' when they were not patented, and that the president of the plaintiff would be arrested for falsely marking said filters as aforesaid, and that he (to wit, the president of the plaintiff) had by that time no doubt been arrested, and plaintiff further alleges that the aforesaid statements were false, defamatory and untrue to the knowledge of the defendant."

A bill of particulars was served, in which it is stated that the words were spoken at the office of said firm at Chicago May 28, 1891, and at its office at New York on the 12th and 20th of June, 1891. It is alleged that, by reason of the utterances complained of, plaintiff had been greatly injured in its business with the aforesaid firm, which, by reason of the words, had ceased to sell its filters to its damage in the sum of $10,000. When the case was brought to trial it was dismissed before the evidence was taken, on the ground that a cause of action is not stated in the complaint. Upon this order a judgment was entered, from which the plaintiff appeals.

*Charles T. Haviland,* for the appellant.

*William M. Irvine,* for the respondent.

FOLLETT, J.:

The complaint is fatally defective in two particulars: (1) The particular words spoken by defendant's officers and agents are not alleged, and a complaint which does not set out the words spoken is bad. (*Ward* v. *Clark,* 2 Johns. 10; *Fox* v. *Vanderbeck,* 5 Cow. 513;

*Blessing* v. *Davis*, 24 Wend. 100 ; *Finnerty* v. *Barker*, 7 N. Y. Leg. Obs. 316 ; *Forsyth* v. *Edmiston*, 2 Abb. Pr. 430 ; *Cook* v. *Cox*, 3 M. & S. 110 ; *Harris* v. *Warre*, 4 C. P. Div. 128; Towns. S. & L. [4th ed.] § 329 ; Starkie S. & L. [3d Eng. ed.] 343 ; Id. [Wood's ed.] § 425 ; Odgers S. & L. 528 ; 13 Am. & Eng. Ency. of Law, 456 ; Newell on Defamation, 640, *et seq.*) Several of the cases cited also hold that this defect is not cured by a verdict.

The gravamen of the complaint is that defendant's officers and agents said that the plaintiff's filters were an infringement on defendant's patent, and that they (plaintiff's filters) were not patented and were falsely marked "patented." It is not alleged that plaintiff's filter was patented. In actions for slander of title it is necessary for the plaintiff to allege and prove that he owned the property spoken of, and in an action to recover damages for saying that a particular article is not patented the plaintiff must allege and prove that it was. An allegation that defendant falsely said that plaintiff had no title or no patent is not equivalent to an allegation that plaintiff had title or held a patent. In case words are not actionable unless certain circumstances exist, these circumstances must be alleged in order to state a cause of action.

The count (eighth) for malicious prosecution need not be considered, for it is not alleged that the action complained of has been terminated in the plaintiff's favor.

Without considering the other questions raised, we think the complaint was rightly dismissed on the ground that no cause of action is stated therein.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.