(41 Misc. Rep. 355.)

### VAN ALSTYNE v. LEWIS.

(Supreme Court, Special Term, Columbia County. September, 1903.)

**1. SLANDER—PLEADING.**

In an action for slander, the particular words alleged to have been spoken must be stated, and it is insufficient to set forth their tenor or effect.

**2. SAME.**

In an action for slander, under Code Civ. Proc. § 535, the complaint must allege that the defamatory matter was "published or spoken concerning" the plaintiff.

Action by Charles G. Van Alstyne against Albert Lewis. Demurrer to amended complaint sustained.

Cady & Delamater, for demurrer.

Edson R. Harder, opposed.

COCHRANE, J. The demurrer is interposed on the ground that the amended complaint does not state facts sufficient to constitute a cause of action. The alleged slanderous words, including the quotation marks, are set forth in the amended complaint as follows:

"That plaintiff had caused defendant to cash two checks of $25 each, which he (the defendant) mailed in the post office at North Chatham, which checks

---

¶ 1. See Libel and Slander. vol. 32, Cent. Dig. § 202.

were lost." "He had sent some checks to the bank in August, 1902, through the post office at North Chatham, which .the defendant had cashed for the plaintiff and that the checks were lost." "He had cashed two checks for the plaintiff, Barret maker, mailed them in the post office at North Chatham to the bank at Kinderhook, which were not credited to him at the bank, or not received at the bank." "He thought it queer that Van Alstyne should get two checks cashed by him about the same time for the same amount." "That he had mailed the checks at. North Chatham post office, and they were lost." "That he (the defendant) had paid plaintiff $50 in August, 1902, on the two checks, and that they were lost in the post office at North Chatham, which was then and there in charge of plaintiff, and that he had lost the money thereon."

It is not sufficient, in a slander action, to set forth the tenor, import, or effect of the slanderous words, but the particular words spoken by the defendant must be alleged. Germ Proof Filter Co. v. Pasteur Chamberland Filter Co., 81 Hun, 49, 30 N. Y. Supp. 584; Forsyth v. Edmiston, 5 Duer, 653; Ward v. Clark, 2 Johns. 12, 3 Am. Dec. 383; Fox v. Vanderbeck, 5 Cow. 515; Blessing v. Davis, 24 Wend. 100. Manifestly this amended complaint does not set forth the exact words used by the defendant. In form it purports to do so, as the quotation marks indicate. But at the time of the alleged slander there was no "plaintiff" or "defendant," as far as the present action is concerned, and such words as are above quoted from the amended complaint would have been unintelligible, and no more applicable to the plaintiff in this action than to any other person.

The pleader, in drawing the amended complaint, did not avail himself of the provisions of section 535 of the Code of Civil Procedure, by stating that the alleged defamatory matter "was published or spoken concerning" the plaintiff. No such statement anywhere appears in the amended complaint. The allegations that the words were spoken with malicious intent to injure the plaintiff are not equivalent to a statement that the words were spoken of and concerning the plaintiff. New York & Westchester Water Co. v. Morning Journal Ass'n, 7 App. Div. 609, 40 N. Y. Supp. 272.

The question raised by the demurrer is not whether the words claimed to have been spoken by the defendant are actionable, nor whether, if such words were properly alleged, the amended complaint would state a cause of action; but the question is whether the alleged defamatory matter is properly set forth. This question, it is true, goes to the form, rather than to the substance, of the pleading; but, under the authorities above cited, it must be answered in the negative. Demurrer sustained, with costs, and with the usual leave to plead over.

Demurrer sustained, with costs, with usual leave to plead over.