(118 App. Div. 221)

## McNAMARA v. GOLDAN.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

LIBEL AND SLANDER—COMPLAINT—SETTING OUT DEFAMATORY MATTER.

A complaint for libel merely alleging that defendant charged plaintiff with sending anonymous letters, which the complaint alleges were obscene, is insufficient. It should show the letters were obscene; the mere sending of anonymous letters not being a crime.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 201–204.]

Appeal from Special Term, New York County.

Action by Daniel McNamara against S. Ormond Goldan. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Levin L. Brown, for appellant.
Joseph N. Tuttle, for respondent.

LAMBERT, J. The complaint alleges that the defendant "falsely, wickedly, and maliciously" composed and published, and caused and procured to be published of and concerning this plaintiff, the following letter:

"New York, Sept. 12, 1905.

"The Rev. Father John Collins, Fordham, St. John's College, New York City—My dear Sir: When with Mr. McNamara I last saw you, you informed us that you would interview the young man as to the anonymous letters [the defendant thereby referring to and writing of certain obscene letters received by various persons through the mails and well known to said Father Collins and others to have been so received], and that if there was any further complaints he would be discharged from your institution. Since this time this man has been sent for by the postal authorities, and voluntarily wrote for them, thereby disclosing the authorship of all the anonymously written letters [referring to said obscene letters]. At this time all letters [referring to said obscene letters] stopped for a time, only to begin again after the matter had in a sense quieted. These letters [referring to said obscene letters] are still being written; three having been received by different persons two weeks ago, and two yesterday. I have now evidence which proves conclusively that the man in your institution, and no one else, is actually writing these letters [referring to said obscene letters], though, no doubt, others are inspiring some of the contents. While one of the assistant district attorneys stated that it was a moral certainty as to who wrote these letters [referring to said obscene letters], still there was not sufficient evidence to proceed against him criminally. This evidence is, however, sufficient, I believe for you to take some action upon, even if it involved this man's discharge, which possibly might result in stopping the vile practice. Please understand that both Mr. McNamara and myself are absolutely dispassionate in the mat-

ter.  The man is certainly an entire stranger to me and practically so to Mr. McNamara, but, having shown himself as the author of these letters [referring to said obscene letters], I feel that you will agree with others and myself that he should be punished.  Trusting that with your kind help, we may succeed in at least stopping this practice, I am,

"Most sincerely yours,                    J. Ormond Goldan."

The complaint then alleges that the "defendant, by composing and publishing and causing to be published the above letter, meant and charged that this plaintiff had been and was guilty of the crime of sending obscene letters through the mails."  The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action; and, from the interlocutory judgment overruling the demurrer, the defendant appeals to this court.

The rule, supported by a long line of authorities, in actions for libel, requires something more than allegations of conclusions of fact.  The facts themselves must be alleged from which the conclusion may be drawn.  In a case like the present it is not enough to characterize the anonymous letters mentioned; but the contents of such letters must be set forth in order that it may appear on the face of the pleadings that they are of the character charged.  People v. Danihy, 63 Hun, 579, 581, 18 N. Y. Supp. 467, and authorities there cited.  The letter set out in the complaint merely alleges that some one has been writing and sending anonymous letters.  The mere characterizing of such letters as obscene by the pleader is not an allegation of fact, but a conclusion from facts, none of which are shown to exist.  Writing and sending anonymous letters is not a crime.  Such letters might be entirely innocent.  It is only when they are in fact obscene that the writing and mailing of them becomes a crime, and the facts from which the conclusion is to be drawn should appear in the pleadings.

For this reason, we think the facts do not constitute a cause of action, and the interlocutory judgment should be reversed with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend complaint upon payment of said costs.  All concur.

---

(52 Misc. Rep. 263)

### In re MARLOR'S ESTATE.

(Surrogate's Court, Kings County.  December, 1906.)

WILLS—UNDUE INFERENCE—BURDEN OF PROOF.

Testatrix made her lawyer, who had acted in a fiduciary capacity for her, her executor and trustee of a fund for the benefit of one of her friends, and gave to his grandchildren the residuum of her estate. The lawyer drew the will in accordance with secret instructions, and his wife and son were two of the three subscribing witnesses. No provision was made for the husband and son of the testatrix, and the will was hurriedly executed at the executor's house, where testatrix had gone to dine.  The will excused executor from giving bond, and he had inserted in the will, voluntarily, a power to sell the real estate.  *Held*, that the burden of proving the absence of undue influence rested on the executor, and the mere proof of the execution of the will was insufficient to admit it to probate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 389–402.]