(165 App. Div. 690)

### CROWELL v. SCHNEIDER. (No. 349–86.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

LIBEL AND SLANDER (§ 85*)—COMPLAINT—SUFFICIENCY.

    Where the complaint to an action for slander stated that defendant told several persons that plaintiff was caught in the cellar with her employer, and that his wife attempted to commit suicide on account thereof, and alleged, as innuendo, that defendant implied that plaintiff was guilty of adultery and other improper conduct, but failed to allege the particular words used by defendant, it was demurrable.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 201–204; Dec. Dig. § 85.*]

Appeal from Special Term, Chenango County.

Action by Rosa A. Crowell against Edith E. Schneider. From interlocutory judgment overruling demurrer to the complaint, plaintiff appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

David F. Lee, of Norwich, for appellant.
Frank W. Barnes, of Norwich, for respondent.

LYON, J. The interlocutory judgment appealed from overruled a demurrer which was interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The action was brought to recover both special and general damages on account of alleged slander of the plaintiff by the defendant.

The complaint alleged that the plaintiff, who was a married woman, was employed as a clerk in a dry goods store conducted by Le Tarte and wife; that Mrs. Le Tarte attempted to commit suicide at such store; that thereafter "the said defendant has falsely told many people, many of whom are unknown to this plaintiff at this time, among whom are Sarah A. Taylor and Mary E. Dimmick, that this plaintiff had been caught in the cellar with Joseph A. Le Tarte, and that Mrs. Le Tarte had attempted to commit suicide on account of the discovery of her husband and the plaintiff in the cellar together"; that "the defendant told the foregoing false statements, in substance, to each of the persons mentioned above in this paragraph and to many others unknown to this plaintiff."

The plaintiff then alleges, as innuendo, that the defendant implied and charged that the plaintiff was guilty of adultery with Le Tarte, and willing to submit to the unlawful embraces of a man. The defendant justifies the interposition of the demurrer upon the ground of the failure of the plaintiff to set forth the particular words complained of as constituting the slander, and upon her alleging that said false statements were made in substance to the persons named, and to many others.

That the particular words constituting the alleged libel or slander must be set forth has frequently been held. In Wormouth v. Cramer, 3 Wend. 395, it was said that, where the alleged defamatory words were uttered in a foreign language, they must be set forth in the complaint in the language in which they were uttered, followed by an averment in English of their signification, and that, having been uttered in German and set forth in English, there was a variance which justified a nonsuit. In Keenholts v. Becker, 3 Denio, 346, it was said:

"In slander, as in other actions, the plaintiff must prove his case as stated in his declaration; if he cannot utter the words in the English language, he cannot support his action by proof of like words spoken in another tongue."

To the same effect, Lettman v. Ritz, 3 Sandf. 734.

In Battersby v. Collier, 34 App. Div. 347, 54 N. Y. Supp. 363, it was said:

"In actions of this kind, the words complained of as used by the defendant must be set out in the complaint, and it is not sufficient to set out the tenor and effect of them. This is necessary in order that the court may judge whether the words constitute a cause of action, and also because the defendant is entitled to know the precise charge against him and cannot shape his case until he knows it. It is not sufficient to give the substance or purport of the libel with innuendoes."

In Germ Proof Filter Co. v. Pasteur Chamberland Filter Co., 81 Hun, 49, 30 N. Y. Supp. 584, it was held, citing many cases, that a complaint in an action brought to recover damages for slander, which does not allege the particular words spoken by the defendant constituting the slander and for the uttering of which damages are demanded, is bad. In the case of Drohan v. O'Brien, 76 App. Div. 265, 78 N. Y. Supp. 430, it was held that the complaint in an action for slander, which alleges that the defendant uttered certain slanderous words, which are specifically set forth, "or words of like purport, meaning and effect," is demurrable, as it does not charge that the defendant used any particular words. This holding was approved in Deddrick v. Mallery, 143 App. Div. 819, 127 N. Y. Supp. 1023.

Undoubtedly, upon the trial of the action under the complaint as now framed, the plaintiff would claim the right to prove the uttering of language amounting, in substance under her construction of it, to the charge alleged in the complaint; that is, language of the import, tenor, and effect of the language alleged in the complaint.

We think the complaint does not state a cause of action, and that the interloctuory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on the payment of said costs. All concur.