CAROLINE DURANTE, Plaintiff, *v.* AGNES CONTANTI, Defendant.

Supreme Court, Steuben County, November 1, 1927.

**Libel and slander — complaint — allegation of defamatory matter " in words or substance " which does not recite actual words spoken fails to state cause of action.**

A complaint in an action for slander, which alleges defamatory matter " in words or substance," and fails to set out the actual words spoken, does not state a cause of action and must be dismissed. It is not sufficient to set forth the import and effect of the words alone; the precise words must first be pleaded.

MOTION by defendant for judgment on the complaint in an action for slander.

*Sebring & King*, for the plaintiff.

*Arland, Pratt & Pratt*, for the defendant.

THOMPSON, J. An allegation of defamatory matter in a complaint in a slander action " in words or substance " is insufficient in this jurisdiction. The actual words used must be pleaded. (*Crowell* v. *Schneider*, 165 App. Div. 690; 37 C. J. 26; 17 R. C. L. 390.)

It is not sufficient to set forth the import, tenor and effect of the words alone. (*Van Alstyne* v. *Lewis*, 41 Misc. 355; *Deddrick* v. *Mallery*, 143 App. Div. 819, 820.)

While this may be done by way of pleading, inducement, colloquium and innuendo, the precise words must first be pleaded. (*Battersby* v. *Collier*, 24 App. Div. 89.)

The words must be alleged, the conclusions from the words are for the jury. (*McNamara* v. *Goldan*, 118 App. Div. 221.)

It is possible that, if the alleged slander had been pleaded " in words *and* substance," the complaint could have been sustained by regarding the words " in substance " as surplusage. (*Gordon* v. *Hyman*, 129 Misc. 351.) As it stands it is defective for the allegation is in the alternative and not in the conjunctive, and where a plaintiff alleges that he stands on either one of two theories, he does not state that he stands on both; thus each must be sufficient, or he may be relying upon the one that is defective. (*Johansson* v. *Kemp*, 211 App. Div. 276; *Rodgers* v. *McLoughlin*, 167 id. 931.)

In these respects the complaint fails to state a cause of action. Other alleged defects have not been considered. The complaint must be dismissed, except plaintiff may amend in ten days upon payment of costs.

So ordered.