CHARLES O. LOCKE, Respondent, *v.* BENTON & BOWLES, INC., Appellant.*

First Department, February 18, 1938.

*Albert M. Gilbert* of counsel [*Aaron S. Yohalem* and *George A. Elber* with him on the brief; *Abraham M. Davis,* attorney], for the appellant.

*Richard J. Mackey* of counsel [*Mackey & Herrlich,* attorneys], for the respondent.

CALLAHAN, J. The plaintiff complains that defendant committed actionable defamation by means of a radio broadcast. The basis of the charge is that plaintiff, a well-known news writer, relying on observations gathered over several days, prepared a script describing conditions in and about Cincinnati, Ohio, arising out of the floods occurring in January, 1937.

The complaint alleges that the script was delivered to one Gibbons, an employee of defendant, who represented over the radio that plaintiff was the author of the subject-matter of the broadcast;

* Revg. 165 Misc. 631.

that Gibbons interpolated in the broadcast certain false statements concerning conditions under which the broadcast was being given, and therein described incidents, persons and places in such a manner as to hold plaintiff up to ridicule and injure his reputation as a news writer. The nature of the interpolations, or the substance and effect thereof, is then set forth.

The parties discuss the question as to whether the complaint charges libel or slander. We deem it unnecessary to determine this question. Whether viewed as the publication of a writing, or the dissemination of the spoken word, it would be actionable if it attacked another generally, so as to injure him in his livelihood or business. (*Ben-Oliel* v. *Press Publishing Co.*, 251 N. Y. 250; *Al Raschid* v. *News Syndicate Co.*, 265 id. 1; *Moore* v. *Francis*, 121 id. 199.)

The present complaint, however, merely alleges that the defendant represented that plaintiff was " the author of the subject-matter " of the broadcast. Interpolations under such circumstances might be so stated that they would be understood by the listener to be part of the script, or understood to be material emanating solely from the broadcaster. We are unable to determine from the present complaint in which category the interpolated matter would be placed. As stated in the present pleading, most, if not all, of the matter complained of appears to be observations by the broadcaster and not quotations from a script. Neither the script as actually written nor the broadcast as delivered is set forth.

In libel and slander it is necessary that the words complained of, whether written or spoken, be set forth in the complaint. (*Al Raschid* v. *News Syndicate Co., supra;* Odgers on Libel and Slander [4th ed.], p. 504; *Battersby* v. *Collier*, 34 App. Div. 347.) Otherwise, the court cannot determine whether the matter complained of is defamatory *per se*, or requires the support of extrinsic facts and an allegation of special damage to make it actionable.

Plaintiff relies on the cases of *Ben-Oliel* v. *Press Publishing Co.* (*supra*) and *D'Altomonte* v. *New York Herald Co.* (154 App. Div. 453; modfd. and affd., 208 N. Y. 596) as supporting the sufficiency of his complaint. These cases held libelous newspaper articles falsely ascribing to well-known writers authorship of statements containing matter which would reveal them as impostors and injure their reputations in their professions. In both cases, however, the articles complained of were set forth in the complaints in the actions. It is the sufficiency of the pleading rather than the right of action that is attacked on the present appeal.

The case of *Brown* v. *Paramount Publix Corporation* (240 App. Div. 520) is distinguishable. There the alleged defamatory matter consisted of the portrayal of persons and scenes, as well as the spoken words of a talking motion picture. The difficulty of setting forth the dialogue and pictures in a pleading in such a case was recognized and a factual description of the objects portrayed and of the import of the mechanically produced words was held sufficient. No such difficulty in pleading is met with here.

The order should be reversed, with twenty dollars costs, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order, with notice of entry thereof, upon payment of said costs.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.