EDWARD W. COOKE, Plaintiff, *v.* HARRISON S. DODGE, ARTHUR M. SEAMAN, FRANK V. MATTHEWS and GERTRUDE B. STEVENS, Defendants.

Supreme Court, Steuben County, July 28, 1938.

*John W. Hollis,* for the plaintiff.

*Lyle W. Jackson,* for the defendants.

LAPHAM, J.   The amended complaint in this action is challenged by a motion to dismiss under rule 106 of the Rules of Civil Practice on the ground that it fails to state facts sufficient to constitute a cause of action.

The plaintiff is the acting principal of the Hornell High School and the Junior High School in the city of Hornell.   The defendant Dodge is the superintendent of schools in the city of Hornell and the other three defendants are members of the board of education in that city.

The original complaint in this action alleged that the defendants conspired to injure the plaintiff in his reputation as a principal and plotted to secure his dismissal through the filing with the board of education of false and unjust charges accusing the plaintiff of incompetence and inefficiency in the performance of the duties of his office.   The complaint asked for $25,000 in damages, for a temporary injunction restraining the defendants from continuing to act as a board of education, for the trial of charges against the plaintiff and for a permanent injunction restraining the defendants from pursuing these charges further.   A temporary restraining order was issued by Justice WILLIAM F. LOVE, and, prior to the return day of the show cause order granted by Justice LOVE, the complaint was challenged by a cross-motion of the defendants asking for a dismissal of the complaint or for certain other relief in the alternative.   The motion for an injunction and the motion of the defendants to dismiss the complaint were heard by Justice CLYDE W. KNAPP, who granted an order dismissing the complaint and denying the application for an order restraining the defendants from proceeding with the board of education to hear charges against the plaintiff until the trial of the issues involved in the action.   Justice KNAPP wrote an opinion in which he placed his decision on the ground that the complaint failed to state facts sufficient to constitute a cause of action, that, as the plaintiff was an employee, the board of education was at liberty to ascertain through a hearing and trial of the charges whether any reasons for the plaintiff's dismissal as principal existed and on the ground that the plaintiff had an adequate remedy at law for the recovery of damages.   The plaintiff appealed to the Appellate Division from the order, but before argument the board of education heard the charges brought against the plaintiff and suspended him from office temporarily.   The Commissioner of Education reviewed the findings of the board and reinstated the plaintiff as principal of Hornell High School and the Junior High School.   The Appellate Division modified the order only to the extent of permitting the plaintiff to plead over and to file an amended complaint setting forth the

facts on which the plaintiff based his claim for damages and affirmed the order in other respects. (254 App. Div. 808.)

The amended complaint served by the plaintiff in accordance with this decision of the Appellate Division alleges in substance that the plaintiff has been duly licensed by the Department of Education to hold the position of high school principal in the State of New York, that since September, 1928, the plaintiff has been the acting principal of Hornell High School, that since the fall of 1930 the plaintiff has been the principal of both the Hornell High School and the Junior High School, and that for a period extending from the spring of 1936 to the spring of 1937 the defendants conspired to injure the plaintiff in his reputation as a high school principal and to effect his dismissal by uttering and circulating various false and malicious statements charging the plaintiff with incompetence and inefficiency in office and by filing the charges embracing these statements with the board of education of the city of Hornell, N. Y.

The plaintiff seeks to uphold the amended complaint upon the theory that it states a cause of action in conspiracy sounding in slander and defamation.

A reading of the amended complaint convinces me that the gravamen of the action is slander and defamation and that the sufficiency of the amended complaint must be judged by its fidelity to the rules of pleading in actions for defamation. General allegations of conspiracy do not alone state a good cause of action where, as here, the conspiracy is based upon an actionable tort. Under such circumstances the cause of action is the tort and not the conspiracy. Allegations of conspiracy are proper where a combination of persons exists to do acts which would not be actionable if done by a single individual. The tort in the present case is not the combination of the defendants but the uttering and publication by them of certain alleged defamatory statements. In such a context the only effect of the allegations of conspiracy is to charge the defendants with liability as joint tort feasors. (*Green* v. *Davies*, 182 N. Y. 499; *Brackett* v. *Griswold*, 112 id. 454; *Bob* v. *Hecksher*, 235 App. Div. 82; *Moskin* v. *Lyden*, 200 id. 304; *Morton* v. *Weet*, 142 Misc. 473.)

In *Green* v. *Davies* (*supra*) the complaint was very similar to the amended complaint in this case in that it alleged that the defendants conspired to defame the plaintiff by leading the customers of the plaintiff to believe that he was insane and by causing the plaintiff's arrest on a false charge and that in pursuance of this conspiracy several of the defendants uttered several slanders against the plaintiff and one of the defendants maliciously instituted an

action against the plaintiff in the Supreme Court. The defendants demurred to the complaint on the ground that separate causes of action for slander and for malicious prosecution were improperly joined in the complaint under section 484 of the Code of Civil Procedure. The demurrer was overruled at Special Term and the judgment entered on that decision was affirmed by the Appellate Division on the ground that the action was for conspiracy to defame the plaintiff of which the slander and arrest were merely overt acts done in fulfillment of the conspiracy. The Court of Appeals reversed the order of the Appellate Division and dismissed the complaint, and, speaking through Chief Judge CULLEN, drew a distinction between conspiracy founded on combination and conspiracy resulting in the commission of a tort in these words (at p. 505): " There may be cases where acts committed in pursuance of a *combination* of a number of persons to injure a third person are actionable, while the same acts, if done by a single individual acting without such concert, would not be actionable. Such cases may be termed actions for conspiracy, but where the conspiracy results in the commission of that which would be an actionable tort, whether committed by one or by many, then the cause of action is the tort, not the conspiracy."

The case of *Wildee* v. *McKee* (111 Penn. St. 335) does not aid the plaintiff, for there general allegations of conspiracy to defame which the court held were insufficient in themselves were buttressed by allegations setting forth the exact words of slander spoken by the defendants. In any event, that case is not controlling here in the face of *Green* v. *Davies* (182 N. Y. 499) and the other cases which stem from it.

The contention of the plaintiff that the decision of the Appellate Division on the appeal from an order dismissing the original complaint in this action for conspiracy was based on defamation is untenable. The Appellate Division explicitly held that they could consider the complaint only as a pleading in equity and that they were not passing on the sufficiency of the allegations in the complaint as a basis for damages for defamation.

The issue before the court on this motion is narrowed, therefore, to the question whether the amended complaint states a good cause of action in slander. The amended complaint alleges in part: " That the defendants wrongfully, maliciously and untruthfully stated to a large number of people, and caused to be circulated widely throughout the school circles and in other places, statements that the plaintiff was incompetent to act as a high school principal; that the plaintiff was unable to maintain discipline in the school building and throughout the school; that under the plaintiff's

supervision, the halls and corridors of the school were operated in such a way as to be dangerous to the life, limb and health of students, teachers and other persons who had occasion to go into the school building."

The amended complaint contains other allegations that the defendants stated and circulated the report that the plaintiff failed to outline proper courses of study and work for the pupils and teachers under his direction and failed to supervise the teachers in the school. These allegations are all cast in the same form as the excerpt from the amended complaint which has been previously quoted. Other allegations charge the defendants with circulating the report that the teachers and pupils had no respect for the plaintiff and that the school was undisciplined under the plaintiff's direction.

The principle has been firmly established and strengthened through continual reiteration that a complaint in an action for slander must set forth the exact and precise words used by the defendant in order to permit him to shape his defense and to permit the court to determine whether a good cause of action in defamation is stated. (*Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1, 5; *Locke* v. *Benton & Bowles, Inc.*, 253 App. Div. 369; *Crowell* v. *Schneider*, 165 id. 690; *Drohan* v. *O'Brien*, 76 id. 265; *Battersby* v. *Collier*, 34 id. 347; *Durante* v. *Contanti*, 130 Misc. 632; 13 Encyclopedia of Pleading and Practice, 45, 46; Seelman, The Law of Libel and Slander in the State of New York, pp. 687, 689; Gatley on Libel and Slander [2d ed.], pp. 514, 515.)

Measured by this principle, the amended complaint is defective. It does not purport to set forth verbatim the words spoken by the defendants. No quotation marks at all are used and the form of the alleged defamation is an indirect and not a direct statement which is coupled in each instance with an allegation that the defendants caused the alleged defamatory words to be circulated in several places. The word "plaintiff" in the amended complaint is used in reference to occasions which long antedated the institution of this action when the plaintiff was simply a high school principal and not the protagonist in an action in court.

The plaintiff acknowledges the rule that the precise words of the slander must be set forth and seeks to bring himself within it by contending that the amended complaint does contain the exact words spoken by the defendants in charging the plaintiff with incompetence and inefficiency. But the complaint does not say so explicitly. The statement that "the plaintiff was incompetent to act as a high school principal" or that "the plaintiff was unable to maintain discipline in the school building and throughout the

school " may have been said in any one of a number of ways. The fatal flaw in the amended complaint is that the plaintiff does not exclude any of the other innumerable forms in which the alleged defamation could have been expressed and does not say that out of the host of words available for use the defendants chose the particular ones described in the amended complaint. None of the delicate nuances and shading of language, none of the understatement, irony or exaggeration that make words come vigorously to life and carry a sting or a bite are ruled out by plaintiff's pleading. The failure to limit the statements in the amended complaint by excluding other possible forms of expression is fatal to the validity of the pleading.

Two cases, *Van Alstyne* v. *Lewis* (41 Misc. 355) and *Germ Proof Filter Co.* v. *Pasteur Filter Co.* (81 Hun, 49), have peculiar relevance on this motion. In *Van Alstyne* v. *Lewis* (*supra*) the court sustained a demurrer to a complaint in slander which used the words " plaintiff " and " defendant " on the ground that the use of these designations conclusively showed that the plaintiff had not set forth in the complaint the exact words spoken by the defendant. In *Germ Proof Filter Co.* v. *Pasteur Filter Co.* (*supra*) the General Term of the First Department, speaking through Justice FOLLETT, held a complaint fatally defective which alleged that the defendant uttered " the following false and defamatory matter, to wit: That plaintiff had infringed the patent of defendant, and had falsely, fraudulently, and, for the purpose of deceiving the public, marked its (to wit, the plaintiff's) filters with the word ' patented ' when they were not patented."

The plaintiff has not pointed to any case which sanctions the form of pleading which he has used. In *Gray* v. *Nellis* (6 How. Pr. 290), which the plaintiff has cited in his memorandum on this motion to sustain the indefinite allegation that the defendants made the alleged defamatory statements " to a large number of people " and that the defendants caused them " to be circulated widely throughout the school circles and in other places," actionable words had been set forth and the addition of vague and indefinite allegations was held immaterial and in the nature of surplusage. The authority of that case does not reach to this amended complaint, which fails to set forth any actionable words of slander.

The rigor of the rule that in actions for defamation the written or spoken words must be set out verbatim and in the precise form in which they were used has been relaxed only in an action for libel based upon a talking motion picture. (*Brown* v. *Paramount Publix Corp.*, 240 App. Div. 520.) In the *Brown* case the plaintiff was permitted to describe the actual words, scenes and incidents

of the motion picture claimed to be libelous but only out of necessity and in recognition of the difficulty of setting forth the actual dialogue and incidents in the picture. In *Locke* v. *Benton & Bowles, Inc.* (253 App. Div. 369) the court refused to sanction an extension of this relaxed rule to an action for defamation based upon interpolations made in a radio broadcast and the court distinguished the *Brown* case on the ground of the novel situation which confronted the pleader in that case.

The amended complaint cannot be saved by invoking the statutory rule of a liberal construction of pleadings contained in section 275 of the Civil Practice Act or by falling back on the rule that on a motion to dismiss the complaint the defendants admit all the facts alleged and such inferences as can be reasonably drawn from them. Neither rule has been permitted to trench upon the paramount authority of the requirement that every pleading must set forth the material facts constituting the cause of action. (Civ. Prac. Act, § 241; *Isaacs* v. *Washougal Clothing Co., Inc.*, 233 App. Div. 568, 571; *Fairchild* v. *Leo*, 149 id. 31; *Maylender* v. *Fulton County Gas and Electric Co.*, 131 Misc. 514.)

In actions for slander the words spoken are the material facts (Gatley on Libel and Slander [2d ed.], 515, and cases cited, *supra*), and a complaint in an action founded on slander which fails to set forth the exact words spoken by the defendants is vulnerable to attack.

In the view of the amended complaint which I have taken it is unnecessary to consider any question of privilege which may arise on the face of the pleading.

The importance and gravity of the case to the plaintiff and to the defendants and the interest of the community in which these parties live and carry on their duties require that the issues between these litigants be finally and definitively settled. The plaintiff, therefore, should have an opportunity to reshape his complaint.

The motion of the defendants to dismiss the amended complaint is granted, with ten dollars costs to the defendants, with leave to the plaintiff to serve an amended complaint within twenty days after the service of a copy of the order of dismissal with notice of entry.

Let an order enter accordingly.