## CARROLL v. PARAMOUNT PICTURES, Inc.

District Court, S. D. New York.
May 12, 1942.

96

See, also, 3 F.R.D. 47.

Greenbaum, Wolff & Ernst, of New York City (Lawrence S. Greenbaum, Jonas J. Shapiro, and Harriet F. Pilpel, all of New York City, of counsel), for plaintiff.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Phillips and Louis Nizer, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moved pursuant to Rule 12 (b) (6), Federal Rules of Civil Procedure, for an order dismissing the second cause of action pleaded in the complaint on the ground that it fails to state a claim upon which relief can be granted.

The complaint herein sets forth two causes of action, the first being predicated upon breach of contract; the second is for alleged libel of plaintiff by defendant.

The second cause of action alleges that the plaintiff has been for many years a professional showman and producer of plays and motion pictures; that plaintiff attained a wide reputation for his ability, inter alia, to produce plays and motion pictures of superior quality; that he depends upon his reputation for said talents for his livelihood and that prior to July 1939 plaintiff had produced successful musical comedy revues at a theatre-restaurant in Hollywood, California, known as the Earl Carroll Theatre-Restaurant.

It is also alleged that on August 22, 1940, the defendant notified the plaintiff that it had forwarded to New York City, for release and distribution there and elsewhere throughout the United States and the world, negatives of a motion picture entitled "A Night at Earl Carroll's", which motion picture used the image of the plaintiff and the Earl Carroll Theatre-Restaurant and carried the legend that it had been produced by the plaintiff (Par. 20); that the motion picture was "of poor quality and vastly inferior to the plays and motion pictures with which the plaintiff has been associated as producer in the past and reflects adversely on his name, standing and reputation" (Par. 21). It is further alleged that plaintiff notified the defendant not to release the motion picture and "not to use the plaintiff's name or image * * * in connection therewith and not to mention therein that it had been produced by the plaintiff" (Par. 22); that defendant nevertheless released in New York State and elsewhere throughout the United States and the world the motion picture containing plaintiff's name and image and "announced thereon that the motion picture was produced by the plaintiff" (Par. 23); that plaintiff was not the producer of said motion picture and the use of his name and image and the legend that the plaintiff produced said picture "has held him up to public ridicule and contempt and has greatly injured his reputation for skill and ability as a producer of musical plays and motion pictures and has directly discredited him in the field of professional endeavor in which he earns his livelihood" (Par. 24). Because of the foregoing, plaintiff claims serious financial detriment and allegedly has been greatly injured in his credit and reputation, for which he seeks $150,000 damages.

I am of the opinion that these allegations, which are deemed admitted on this motion, sufficiently plead a claim or cause of action predicated on libel. The asserted false imputation to plaintiff, a well-known producer, of the production of an inferior work that injures his position as a producer in the professional and theatre world, is libelous per se. As the Court of Appeals stated in Ben-Oliel v. Press Publishing Co., 251 N.Y. 250, 255, 167 N.E. 432, 434:

"The law of libel is very simple, and, briefly, is this:

" ' "Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade or business are actionable." Where proved to have been spoken in relation thereto, the action is supported; and unless the defendant shows a lawful excuse the plaintiff is entitled to recover without allegation or proof of special damage, because both the falsity of the words and resulting damage are presumed.' Moore v. Francis, 121 N. Y. 199, 204, 23 N.E. 1127, 1128, 8 L.R.A. 214, 18 Am.St.Rep. 810. * * * To publish in the name of a well-known author any literary work, the authorship of which would tend to injure an author holding his position in the world of letters, has been held to be a libel. Lee v. Gibbins, (1892)

67 L.T. (N.S.) 263; Newell, Slander & Libel (4th Ed.), p. 39, note, p. 42."

Cf. Gardella v. Log Cabin Products Co., 2 Cir., 89 F.2d 891, 896; Drummond v. Altemus, C.C., 60 F. 338, 339; D'Altomonte v. New York Herald Co., 154 App.Div. 453, 139 N.Y.S. 200, reversed on other grounds 208 N.Y. 596, 102 N.E. 1101; Locke v. Benton & Bowles, Inc., 253 App. Div. 369, 370, 2 N.Y.S.2d 150; Myers v. Afro-American Pub. Co. Inc., 168 Misc. 429, 5 N.Y.S.2d 223, affirmed 255 App.Div. 838, 7 N.Y.S.2d 662. I should add here that plaintiff expressly disavows pleading any claim for breach of his right of privacy.

■ The defendant relies upon a certain contract with the plaintiff, in justification of its use of plaintiff's name and picture in the motion picture complained of. Pursuant to the court's request a bill of particulars furnished defendant by the plaintiff has been submitted upon this motion. I have examined this bill of particulars and in no way does it incorporate into plaintiff's second claim or cause of action the contract, the breach of which is the gravamen of the first cause of action. Under the new Federal Rules of Civil Procedure a plaintiff may plead alternate or inconsistent claims. Rule 8(e) (2), F.R.C.P. Plaintiff may plead in one complaint two claims, one for breach of contract and the other for a tort, such as libel. In so far as this motion is concerned, the contract in question is not before this court and its effect upon plaintiff's second cause of action is not considered at this time.

■ Defendant further complains that the alleged libelous matter upon which the plaintiff predicates his second cause of action has not been set forth in full in the complaint. Upon this motion to dismiss this cause of action every fair inference of the pleading must be taken in the pleader's favor. Here the vehicle of the alleged libel, a motion picture, militates against a detailed pleading of the libelous matter. Plaintiff's second cause of action appears to indict the entire motion picture in question as an inferior production and pleads that the imputation of its authorship to the plaintiff, an allegedly well-known and competent producer, constitutes a libel upon the plaintiff. The practical difficulty of specifying the alleged libelous material in a complaint based upon a libelous motion picture has been recognized in New York State courts. In Brown v. Paramount Publix Corp., 240 App.Div. 520, 270 N.Y.S. 544, the court held under similar circumstances that a plaintiff need only plead the ultimate and not the evidentiary facts. Cf. Locke v. Benton & Bowles, Inc., supra. Certainly as much, if not more, latitude is permissible under the Federal Rules of Civil Procedure which make simple and concise pleadings mandatory. Rule 8(e) (1) F.R.C.P. Libel is not one of the matters listed in Rule 9, F.R.C.P., of which all the averments "shall be stated with particularity".

■ Defendant contends that the allowance of plaintiff's sketchy pleading as sufficient in its present form may force a trial of the issues herein. If it does, that may be the just way of determining the issues. Defendant may move for a summary judgment on supporting affidavits under Rule 56, F.R.C.P., and the court may view the alleged libelous motion picture in order to ascertain whether there is any substance in plaintiff's complaint. Cf. Dellar v. Samuel Goldwyn, Inc., 2 Cir., 104 F.2d 661. The only effect of the present decision is to declare that the ultimate facts pleaded by plaintiff in his second cause of action are libelous per se.

Accordingly, defendant's motion to dismiss plaintiff's second cause of action is denied.

Settle order.