HYMAN GOLDMAN, Plaintiff, *v.* NU-BORO PARK CLEANERS, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, August 5, 1943.

*Samuel Weiss* for defendants.

*Jonas & Ribman* for plaintiff.

UGHETTA, J.  Motion under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice to dismiss the remaining cause of action — slander — in a complaint which originally contained two additional alleged causes of action, one for malicious prosecution and another for false arrest.

On appeal from a previous motion by defendant, Nu-Boro Park Cleaners, Inc., for summary judgment, the Appellate Division (266 App. Div. 780) granted same as to such latter causes of action but divided 3 to 2 as to the above remaining one.  The majority opinion indicated that its denial was on the technical ground that the cause of action in question was attacked solely on the basis of the pleading and, therefore, could not be entertained under rule 113.  The two dissenting justices took the view that under the prayer for " other and further relief " the court had latitude to consider the insufficiency of the pleaded causes of action dealing with the alleged slander as if application for relief had been made under rules 106 and 112.

Specifically the present motion attacks the slander pleading for failure to give the exact words used in the alleged defamation.  The motion revolves on the construction and sufficiency of paragraph 24 of the complaint, which states: " 24.  That thereafter and in pursuance of said conspiracy, plan and scheme, said defendants in the presence and hearing of divers persons, maliciously spoke of and concerning the plaintiff the following, in words or substance, viz., that plain-

tiff had taken, stolen and carried away from the possession of defendants one man's suit valued at about $45, the property of defendant Nu-Boro Park Cleaners, Inc., and further stated that plaintiff had taken said suit without right and authority, and had taken same with intent to defraud defendant Nu-Boro Park Cleaners, Inc., of same, and that defendants further charged plaintiff with the crime of larceny and prayed that he be dealt with according to law."

The defendant's objection is valid under the authorities in that plaintiff therein pleads his own interpretation of the words actually and allegedly used, without giving the court or a jury the opportunity of placing their own construction thereon. The language used in *Van Alstyne* v. *Lewis* (41 Misc. 355, 356) accurately sums up the rule as repeatedly applied by the higher courts and in a pleading parallel to the pleading herein, as follows: "It is not sufficient in a slander action to set forth the tenor, import or effect of the slanderous words, but the particular words spoken by the defendant must be alleged. (*Germ Proof Filter Co.* v. *Pasteur Chamberland Filter Co.*, 81 Hun 49; *Forsyth* v. *Edmiston,* 5 Duer 653; *Ward* v. *Clark,* 2 Johns. 12; *Fox* v. *Vanderbeck,* 5 Cow. 515; *Blessing* v. *Davis,* 24 Wend. 100.) Manifestly this amended complaint does not set forth the exact words used by the defendant. In form it purports to do so, as the quotation marks indicate. But at the time of the alleged slander there was no 'plaintiff' or 'defendant,' as far as the present action is concerned, and such words as are above quoted from the amended complaint would have been unintelligible, and no more applicable to the plaintiff in this action than to any other person." See, also, the cases of *Al Raschid* v. *News Syndicate Co.* (265 N. Y. 1, 5); *Battersby* v. *Collier* (34 App. Div. 347); *Deddrick* v. *Mallery* (143 App. Div. 819); and *Crowell* v. *Schneider* (165 App. Div. 690), cited in the aforesaid memorandum of dissent in the Appellate Division; see, also, Seelman on Slander, pp. 687–689, and cases and illustrations therein given.

The only authority cited by plaintiff in opposition to the motion (*Gordon* v. *Hyman,* 129 Misc. 351) is clearly distinguishable and inapplicable. There the actual words used were pleaded and the court merely held that the use by the pleader of the conclusory phrase "in words or substance" was surplusage.

The reason behind the rule as applied is readily apparent. Without actual presentation of the alleged defamatory words

it can readily occur that the person claiming to be defamed might be mistaken in his conception of the meaning or application of the words used and give them an erroneous or sinister effect not warranted by customary usage. It is for the courts, not the pleader, to draw conclusions.

The motion to dismiss accordingly must be granted. The plaintiff may have twenty days after service of a copy of this order, with notice of entry thereof, to serve an amended complaint, if he be so advised.