Aron Steuer, J.
Motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The first and third causes of action are in slander. They purport to set out the words spoken by putting them in quotation marks but qualify the alleged quotations by saying the words are “ substantially as follows ”. A complaint in slander must set out the exact words (Al Raschid v. News Syndicate Co., 265 N. Y. 1). An approximation is not sufficient (Cooke v. Dodge, 168 Misc. 561).
The second cause of action is difficult to classify. It alleges that at unusual hours of the day and night plaintiff’s telephone would ring and when plaintiff picked up the receiver no one would be on the wire. At other times plaintiff would hear insulting remarks. It is alleged that these calls were made by defendant or at her instance. Insult that is not defamatory is not actionable. As for the calls which were obviously for the purpose of annoyance, for the purposes of this motion it must be assumed that, these were, as alleged, made by or at the instance of defendant. But mere annoying conduct does not give rise to a cause of action. It is different where it is sufficiently aggravated to cause damage but no damage is alleged. Or if it amounts to a nuisance it may he enjoined. This is not sought.
Motion is granted with leave to plaintiff to serve an amended complaint on or before March 6, 1959.