The complaint contains two causes of action in defamation, the first that “ the defendant by its agents, servants or employees stated and published before the police authorities in Hudson, New York and the District Attorney in Hudson, New York and the grand jury in Hudson, New York accusations accusing the plaintiff herein of the crime of grand larceny, first degree,” and the second that “ the defendant, by its agents, servants or employees in the presence and hearing of the police authorities, of the City of Hudson, the District Attorney’s Office and of the City of Hudson and the grand jury thereof and several other persons, whose names are unknown to the plaintiff, maliciously spoke of and concerning the plaintiff and accused him of the crime of having committed grand larceny, in the first degree.”
In neither cause of action is the exact language of the alleged defamation set forth. This is indispensable. It has been held *875 that a complaint is deficient in stating the traditional tort of slander or libel “ inasmuch as the words spoken of plaintiff are not pleaded.” (Brandt v. Winchell, 3 N Y 2d 628, 636.) Such a deficiency in a complaint “ cannot be saved by invoking the statutory rule of a liberal construction of pleadings contained in section 275 of the Civil Practice Act or by falling back on the rule that on a motion to dismiss the complaint the defendants admit all the facts alleged and such inferences as can be reasonably drawn from them. Neither rule has been permitted to trench upon the paramount authority of the requirement that every pleading must set forth the material facts constituting the cause of action.” (Cooke v. Dodge, 168 Misc. 561, 567.) In other words, liberality “ cannot be used as a substitute for matters of substance (Union Trust Co. v. Main & South Sts. Holding Corp., 245 App. Div. 369), nor may conclusory statements of law be utilized to supply material facts by inference within the doctrine of liberal construction. (Kalmanash v. Smith, 291 N. Y. 142.) ” (Didier v. Macfadden Pubs., 299 N. Y. 49, 53.)
If plaintiff is unable, for lack of information, to plead the exact words of the alleged defamation, ‘ ‘ and if he be so advised, his remedy may be to move to examine * * * [the defend-
ant] for the purpose of framing a proper complaint.” (Langert v. Scalamandre, 9 A D 2d 647.)
The motion is granted with leave to serve an amended complaint.
Settle order.