■ In the Matter of the Estate of WILLIAM J. PURVEY, Deceased. JOSEPH P. PURVEY, Appellant; CHEMICAL BANK NEW YORK TRUST COMPANY et al., Respondents.— Decree, insofar as appealed from, unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ. [34 Misc 2d 913.]

■ JOSEPH P. DELANEY, Appellant, v. AL HIRT et al., Respondents.— Order entered on November 27, 1961 unanimously modified on the law to the extent of denying that portion of the motion seeking to compel the plaintiff to make specified allegations of the complaint more definite and certain and otherwise affirmed, without costs. The defendants, Purcell and Levy, move to dismiss the second cause of action pleaded against them on the ground of insufficiency. Special Term considered that cause of action to be one in conspiracy to defame and consequently held it to be insufficient by reason of the failure to plead the alleged defamatory statements *in haec verba*. On the other hand, the plaintiff asserts that it is a cause of action to induce a breach of contract. Which view of the pleading is correct is immaterial. The complaint here charges that the plaintiff was falsely characterized as being "inefficient, incompetent and unworthy to remain the personal manager of Al Hirt". The exact words, "inefficient," "incompetent" and "unworthy" are not alleged to have been stated by the defendants and, therefore, they may be merely conclusions of the pleader as to the meaning of other language actually employed. A more precise pleading would appear to be in order. Moreover, the requirement of pleading *in haec verba* would appear to be applicable whether the cause be one for defamation or for inducement to breach a contract by means of defamatory statements. In defamation actions pleading *in haec verba* is required so that "the court may judge whether the words constitute a cause of action, and also because the defendant is entitled to know the precise charge against him and cannot shape his case until he knows it." (*Battersby* v. *Collier*, 34 App. Div. 347, 349; *Crowell* v. *Schneider*, 165 App. Div. 690.) Similar reasoning would appear to be applicable in actions to induce a breach of contract by means of defamatory statements. Accordingly, we find the second cause of action against Purcell and Levy insufficient and conclude that it was properly dismissed with leave to replead. However, the branch of the motion which sought to have the specified allegations made more definite and certain should have been denied. The complaint (apart from the deficiencies hereinabove referred to) is pleaded in a clear and definite manner and there is sufficient information to enable the defendants to properly prepare their answers. Any additional information required may be obtained through the office of a bill of particulars. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.