**AMERSHAM CORPORATION,**
Appellant,

v.

**The UNITED STATES, Appellee.**

**Appeal No. 83-956.**

United States Court of Appeals,
Federal Circuit.

March 2, 1984.

Lynn S. Baker, Chicago, Ill., for appellant. With her on the brief was Robert E. Burke, Chicago, Ill.

Joseph I. Liebman, New York City, for appellee. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., and David M. Cohen, Director, Washington, D.C.

Before FRIEDMAN, SMITH and NIES, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this customs classification case appellant, Amersham Corporation (Amersham), appeals from a judgment of the United States Court of International Trade rejecting the United States Customs Service's initial classification of certain radioactive foil disks used in smoke detectors, rejecting Amersham's preferred classification of the product, but accepting Amersham's alternative classification. We affirm.

### Issue

The sole issue before this court is whether certain imported radioactive foil disks (disks) are properly classified, as Amersham contends, under Tariff Schedules of the United States (TSUS)[1] 494.50, usefully radioactive chemical compounds,[2] having a zero duty, or, as the United States (Government) contends, and Amersham alternatively contended below, under 685.70, fire alarms and parts thereof, having a 4 percent ad valorem duty.

### Background

A summary description of the facts material to this appeal is:[3] Amersham imports a product described as "americium 241 alpha foil disk," consisting of americium oxide measuring one microcurie encapsulated in a foil capsule of a gold-palladium face with a silver backing (foil). Americium oxide is a compound composed of the elements americium and oxygen; americium 241 is an isotope of the element americium. Americium oxide is highly radioactive and must be

---

1. *See* 19 U.S.C. § 1202 (Supp. V 1981).

2. *See* Chief Judge Re's opinion below for complete description of relevant TSUS numbers. *Amersham Corp. v. United States,* 564 F.Supp. 813, 814–15 (CIT 1983).

3. A complete description of the facts is set forth in *Amersham,* 564 F.Supp. at 813.

encapsulated to allow safe emission of the radiation. The disks as imported are primarily designed and almost exclusively used in ionization-type smoke detectors.

The Customs Service initially classified the disks under 709.66 at 6 percent duty; Amersham contested and the trial court rejected this classification, accepting Amersham's fall-back classification under 685.70 at 4 percent but rejecting Amersham's first-choice classification under the duty-free 494.50. Amersham appeals the trial court's judgment, seeking reversal regarding classification under 685.70 and classification instead under 494.50; the Government requests this court to affirm the trial court's classification of the disks under 685.70. Neither side appeals the trial court's rejection of Customs' initial classification of the disks under 709.66.

## Opinion

■ In our independent review of the contested issue of law (classification) herein, we keep in mind that Amersham bears the burden of proof to establish that its claim is correct. 28 U.S.C. § 2639(a) (Supp. V 1981).

Amersham's contention that the disks fall under duty-free 494.50, usefully radioactive chemical compounds, may be viewed under two theories. The first, which the trial court analyzed in detail, focuses on whether the disks are "compounds" which are usefully radioactive. The second, whether the disks may be viewed as compounds in a usual container (the foil), was only tangentially discussed below.[4] We discuss these in turn, focusing upon the latter theory.

### A.

■ Expert testimony has established and the parties agree that americium oxide is a "compound" as defined in schedule 4, headnote 2(a) of the tariff schedules,[5] but that, since the gold-palladium and silver foil does not bond with the americium oxide, the alpha foil disk itself is not a "compound" as so defined.[6] Chief Judge Re found this fact conclusive in his rejection of Amersham's primary claim, despite Amersham's argument that, although the disk technically may not be a compound, it must be so constructed in order for the true compound sandwiched inside, the americium oxide, to be usefully radioactive. We affirm Chief Judge Re's discussion and holding on this theory.[7]

### B.

■ Alternatively, Amersham urges before this court a second manner of viewing the alpha foil disks: as tiny parcels of the compound americium oxide, by itself harmfully radioactive but which when packaged in the usual or ordinary containers for such a compound—i.e., the foil—is usefully radioactive. This theory involves two subissues: (1) whether the foil is indeed a "usual or ordinary" container;[8] and, (2) whether, if it is, the compound inside the container is "usefully radioactive." Because we hold against Amersham on the first subissue, we do not reach the second.

In urging that the foil is a usual container, Amersham stresses that the foil is not designed for, or capable of, reuse; it serves as a standard device for transporting the

---

4. The Government argues that Amersham's "usual container" claim is a new one not raised before the trial court and hence not to be considered by this court. We disagree. While the issue was not so refined and honed as it is here on appeal, it was at least mentioned below (e.g., plaintiff's reply brief at 12–13) and was addressed implicitly in Chief Judge Re's opinion. Amersham, 564 F.Supp. at 817.

5. See id. at 815 for pertinent text of headnote.

6. Id. at 816.

7. Id. at 814–21.

8. As defined in TSUS General Headnote 6(b)(i):

"(i) The usual or ordinary types of shipping or transportation containers or holders, if not designed for, or capable of, reuse, and containers of usual types ordinarily sold at retail with their contents, are not subject to treatment as imported articles. Their cost, however, is * * a part of the value of their contents and if their contents are subject to an ad valorem rate of duty such containers or holders are, in effect, dutiable at the same rate as their contents * * *."

radioactive americium oxide; it is sold with the americium oxide at retail; and it remains with the compound throughout its commercial use in the smoke detector, enabling the compound to perform its function of emitting radiation in a useful manner. While Amersham cites a number of container cases and a Customs ruling in support of its position,[9] we find persuasive in this highly fact-specific area the case of *Bruce Duncan Co. v. United States,* 63 Cust.Ct. 412, C.D. 3927 (1969). In *Bruce Duncan* the importer contended that metal cartridges filled with butane were usual containers for the duty-free butane and were not parts of cigarette lighters. As with the special foil here, the metal cartridges were not designed for or capable of reuse; they served as the standard device for transporting the flammable butane; they were sold with the butane and remained with it throughout its commercial use in the cigarette lighter. Nevertheless the Customs Court held:

> While it seems clear from the record that the cartridges are containers for butane, they are not the "usual" containers which General Headnote 6(b)(i) and (ii) envisions. It is apparent that the primary function of the cartridge is as a part of a cigarette lighter. * * *

*Bruce Duncan,* 63 Cust.Ct. at 415.[10]

The same is true here. Just as the metal cartridges were designed precisely to fit into the cigarette lighters, the alpha foil disks "are primarily designed and almost exclusively used by its [Amersham's] customers, as parts of smoke detectors."[11] We therefore hold that Amersham has failed to bear its burden of proving the correctness of classifying the alpha foil disks under 494.50, using a "usual container" theory,

and reaffirm the trial court's holding that the disks must be considered as parts of fire alarms under 685.70. In this context we do not reach, though are mindful of, Amersham's contentions that such a holding is contrary to congressional intent in enacting 494.50 and creates an anomaly in that it practically reads that TSUS item and the concept of "usefully radioactive" out of existence. The trial court has thoroughly analyzed these arguments below.[12]

### Conclusion

■ Having considered the question of law (classification) here presented, we hold that Amersham has failed to sustain its burden of proving the correctness of its primary claim and we affirm the judgment below.

AFFIRMED.

**9.** *E.g., United States v. Hohner,* 4 Ct.Cust.App. 122, T.D. 33,393 (1913); *R.J. Saunders & Co. v. United States,* 69 Cust.Ct. 151, C.D. 4387 (1972); *Fontana Hollywood Corp. v. United States,* 64 Cust.Ct. 204, C.D. 3981 (1970); *Spesco Corp. v. United States,* 62 Cust.Ct. 297, C.D. 3749 (1969). This court has considered the container problem as it regards reuse in *Holly Stores, Inc. v. United States,* 697 F.2d 1387 (Fed.Cir.1982). Amersham also cites a 1969 Customs ruling, Treas.Dec. 69–77(17), ORR Ruling 200–69, concerning encapsulated radium-beryllium neutron sources having many

uses, whereas the subject disks are manufactured precisely for smoke detector use. *Amersham,* 564 F.Supp. at 817.

**10.** *See also Morris Friedman & Co. v. United States,* 56 Cust.Ct. 21, C.D. 2607 (1965).

**11.** *Amersham,* 564 F.Supp. at 821. We do not repeat here the findings of fact which led Chief Judge Re to this conclusion. *Id.* at 820–22.

**12.** *Id.* at 814–21.