**JIMLAR CORPORATION and Algesco, Ltd., Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 87–1628.**

United States Court of Appeals, Federal Circuit.

May 18, 1988.

Charles P. Deem, Stedina and Deem, New York City, argued for plaintiffs-appellants.

Michael T. Ambrosino, Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellee. With him on the brief were James M. Spears, Acting Asst. Atty. Gen., and Joseph I. Liebman, Intern. Trade Field Office.

Before MARKEY, Chief Judge, RICH, Circuit Judge, and NICHOLS, Senior Circuit Judge.

NICHOLS, Senior Circuit Judge.

Jimlar Corporation (Jimlar) appeals from the final judgment of the United States Court of International Trade, 670 F.Supp. 1001, 11 CIT ——, 21 Cust.B. & Dec. 58 (1987) (Re, C.J.), dismissing Jimlar's challenge to the Customs Service's (Customs) appraisement of imported footwear and affirming the valuation of the imported merchandise. The trial court held that Jimlar failed to rebut the presumption of correctness attached to Customs' valuation determinations. We affirm.

*Discussion*

Until 1979, certain disfavored imports were appraised at "American Selling Price" as defined in 19 U.S.C. § 1402(g), repealed by Pub.L. No. 96–39, 93 Stat. 201. This usually produced a higher valuation than other methods of appraisement would have done in the case of ad valorem merchandise. It was intended to have, and did have, the economic effect of a higher rate of duty than the one ostensibly applicable. Articles selected for this treatment under 19 U.S.C. § 1336(b) were appraised, not at their own value, but the value of a "like or similar" domestic article, producing much litigation.

Jimlar protests the "American selling price" valuation of rubber-soled footwear imported from Taiwan in 1978 and 1979, asserting that the imported footwear is not "like or similar" to the domestic prototypes used, thereby resulting in an improper appraisement. The government shows, however, that Customs' valuations are accorded a presumption of correctness, 28 U.S.C. § 2639(a)(1) (1982), a presumption which the importer bears the burden of rebutting. *See Stewart–Warner Corp. v. United States*, 748 F.2d 663, 665, 3 Fed.Cir. (T) 20, 22 (1984); *Amersham Corp. v. United States*, 728 F.2d 1453, 1455, 2 Fed.Cir. (T) 33, 34 (1984).

On the basis of testimony, and some samples that spoke for themselves, the trial court agreed with the government's assertions that Jimlar failed to present evidence sufficient to overcome the presumption of correctness accorded Customs valuations. The court dismissed the action. 670 F.Supp. at 1004, 11 CIT at ——, 21 Cust.B. & Dec. at 62. After a thorough review of the record below, we conclude that the court did not err. It made appropriate findings of fact and conclusions of law in assessing the propriety of the Customs' valuation of Jimlar's merchandise. We therefore affirm the trial court's judgment and adopt its opinion as our own.

AFFIRMED.