**ALLIED INTERNATIONAL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 90–05–00231.**

United States Court of
International Trade.

July 1, 1992.

Glad & Ferguson, Edward N. Glad, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Attorney in Charge, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Mark S. Sochaczewsky, for defendant.

## INTRODUCTION

NEWMAN, Senior Judge:

This action, reassigned to the writer on April 28, 1992, involves a question of novel impression in the administration of the transaction value statute, 19 U.S.C. § 1401a(b).

Specifically, the issue posed is: In determining transaction value did Customs properly disregard the importer's purchase bonus which was contingent or conditional on certain quantity deliveries and payment of the purchase price in 1988 under a preimportation agreement with the exporter, absent proof that such contingencies had actually occurred prior to the date of entry. The court holds in the affirmative.

In this action, Allied International ("Allied") challenges the appraised transaction value determined by the Customs Service ("Customs") in liquidation of certain entries of hardboard exported from the former Union of Soviet Socialist Republics and entered at the port of Boston on January 9, 1989. Allied's administrative protest against the appraisement was denied in conformance with 19 U.S.C. § 1515 and the court's jurisdiction is predicated on 28 U.S.C. § 1581(a). This action is currently before the court on Allied's motion for summary judgment pursuant to CIT Rule 56, and defendant's request that the court treat its opposition as a cross-motion for summary judgment.

At the outset, the parties agree that the subject merchandise was correctly appraised on the basis of transaction value. Plaintiff claims, however, that Customs' appraisal at the invoiced unit values less ocean freight and insurance should properly have also excluded a 2.5% price bonus or discount from the contract price. Allied maintains that by virtue of an addendum to its contract with the Soviet exporter entered into *prior* to the subject importation, the 2.5% price bonus was expressly payable after the delivery and payment for 7,850,000 square meters of the merchandise sold and agreed to be shipped during 1988. According to plaintiff, there is no genuine issue of fact that the preimportation agreement with the exporter provided for the bonus and the contract was performed. Consequently, argues plaintiff, as a matter of law, in determining transaction value such bonus should have been deducted from the purchase price and not disregarded by Customs under § 1401a(b)(4)(B).

In response, defendant concedes the preimportation agreement for the bonus asserted by Allied, but insists that Allied's legal conclusion that the bonus should have been deducted is erroneous. Defendant maintains that Allied's motion fails to address certain additional material facts relating to deductibility of the bonus: (1) whether, as of January 9, 1989 (date of entry), the quantity of merchandise necessary for the 2.5% bonus to apply had actually been previously imported, delivered and paid for; and (2) whether, as of the date of entry, the bonus was actually paid by the exporter to the importer.

Defendant asserts that, as matter of law, absent the foregoing showing by plaintiff, the alleged contingent bonus was properly disregarded by Customs in determining transaction value as a post importation "rebate of, or other decrease in, the price actually paid or payable" within the purview of 19 U.S.C. § 1401a(b)(4)(B). The undisputed material facts relied on by Allied in support of the current motion are, according to defendant, insufficient to make a *prima facie* case for deductibility of the bonus. Further, defendant argues that in response to notice of its request to have its opposition to plaintiff's motion treated as a cross-motion for summary judgment, Allied failed to dispute the additional facts that are urged by defendant as material to the issue of the bonus' deductibility, and that Allied has failed to rebut the legal presumption of correctness attaching to Customs' appraisal.

In view of authority vesting a district court with "power to enter summary judgment *sua sponte,* so long as the losing party was on notice that [it] had to come forward with all of [its] evidence," *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (citations omitted), this court, having all the remedial powers of a district court, will in the exercise of its discretion accommodate defendant's procedural request. For the reasons stated below, defendant's cross-motion for summary judgment is granted.

## DISCUSSION

### The Relevant Statute

19 U.S.C. § 1401a(b)(4)(B), provides:

Any rebate of, or other decrease in, the price actually paid or payable that is *made or otherwise effected* between the buyer and seller *after the date of importation* of the merchandise into the United States shall be disregarded in determining the transaction value under paragraph [ (b) ] (1) [emphasis supplied].

■ Fundamentally, "[t]he starting point in every case involving construction of a statute is the language itself." *Madison Galleries, Ltd. v. United States,* 870 F.2d 627, 629 (Fed.Cir.1989) (citations omitted). More, the plain language of the statute is deemed controlling unless a "clear cut contrary legislative intent" dictates otherwise. *Id.* at 630 (citations omitted).

■ Simply stated, the court finds the language of § 1401a(b)(4)(B) to be unambiguous. There is nothing which may be gleaned from either the straightforward text or the pertinent legislative history that warrants interpretation of this statutory provision under the circumstances presented here other than by its plain meaning. *See* 1979 U.S.Code Cong. and Adm. News, pp. 381, 500–501.

### Summary Judgment

The initial duty of production cast upon the moving party at the summary judgment stage, who also carries the ultimate burden of persuasion at trial, has been clarified in accordance with a recent line of Supreme Court case law. *See e.g., Celotex Corp.,* 477 U.S. 317, 106 S.Ct. 2548; *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

As to a motion for summary judgment itself, the moving party bears the primary responsibility of demonstrating to the court that no genuine dispute exists as to any material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. *See Matsushita Electric,* 475 U.S. at 585–86, 106 S.Ct. at 1355. Importantly, it is clear that in deciding a motion for summary judgment, "the judge's function is not himself to *weigh* the [factual] evidence and determine the truth of the matter but to determine whether there is a genuine [material] issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. Moreover, "the materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 248, 106 S.Ct. at 2510.

Indeed, in addressing whether a fact is "material" to the dispute, the following authoritative analysis merits quotation:

[A] fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense or if their existence or non-existence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail.

10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2725 at 93–95 (2d ed.1983) [citations omitted].

■ Although Allied's current effort to seek relief on its claim is in a summary judgment format under Rule 56, Allied nonetheless must establish the same essential elements of its case that it would be required to prove at trial with respect to overcoming a motion for directed verdict

under Rule 50(a) of the Federal Rules of Civil Procedure. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. As would be the case at trial, Allied in moving for summary judgment bears the ultimate burden of persuasion concerning all elements of its asserted claim for deductibility of the bonus which the court determines to be material in proving a *prima facie* case. Thus, even if all of the material facts asserted by and relied on by Allied are conceded by defendant, but those facts standing alone, as a matter of law, fail to establish a *prima facie* case for plaintiff's claim, motion for summary judgment must be denied.

Additionally, defendant strenuously urges that the undisputed material facts relied on by Allied in support of its present motion must, if they were established at a trial, be sufficient to overcome the statutory presumption of correctness attaching to Customs' appraisal. *See* 28 U.S.C. § 2639(a)(1); *Moss Manufacturing Co., Inc. v. United States,* 13 CIT 420, 714 F.Supp. 1223, 1227 (1989), *aff'd,* 896 F.2d 535 (1990); *Jimlar Corp. and Algesco, Ltd. v. United States,* 11 CIT 501, 670 F.Supp. 1001 (1987), *aff'd,* 846 F.2d 748 (1988). *See also United States v. Arnold Pickle and Olive Co.,* 68 CCPA 85, C.A.D. 1270, 659 F.2d 1049 (1981). And defendant points up that, as a matter of law, Customs is presumed to have found the existence of every fact necessary to support its appraisement. *White Lamb Finlay, Inc. v. United States,* 29 CCPA 199, C.A.D. 192 (1942); *Glenside Steel Co., et al. v. United States,* 73 Cust.Ct. 23, C.D. 4466, 364 F.Supp. 1398 (1973), *aff'd,* 62 CCPA 1, C.A.D. 1133, 503 F.2d 563 (1974).

As explained *infra,* the court concludes that denial of Allied's motion rests solely on its failure to establish that all of its asserted undisputed material facts would, as a matter of law, suffice to sustain Allied's burden of proof on its claim.

Correspondingly, and irrespective of defendant's heavy reliance on the statutory presumption of correctness, the court sustains defendant's cross-motion based upon plaintiff's utter failure to dispute or place in issue the additional undisputed material facts urged by defendant in requesting its cross-motion—nondelivery of the stipulated quantity and nonpayment of the full purchase price prior to entry—that, as a matter of law, negate deductibility of the bonus in determining the transaction value.

*The Parties' Motions*

The pertinent addendum under the contract between Allied and the Soviet exporter contemplated the following agreement:

> After *delivery and payment* of about 7.850.000 [in original] square meters of Hardboard sold and provided for shipment *during 1988* under the above Contract the Sellers will pay to the buyers a bonus at the rate of 2.5% [in original] of the value of the above shipped goods [emphasis supplied].

■ Under the plain meaning of § 1401a(b)(4)(B), the operative text "made or otherwise effected," as it applies to rebates or other decreases affecting price, necessarily contemplates an affirmative showing by the importer of the occurrence *on or before the date of entry* of all contingencies or conditions upon which rests the seller's obligation to pay and the purchaser's right to receive a rebate or other postpurchase decrease in the price: in this case, "delivery and payment of about 7.850.000 square meters of Hardboard sold and provided for shipment during 1988...."

■ In support of its motion, Allied has submitted an affidavit executed by Morton S. Wolfogel, co-founder, co-owner, and treasurer of Allied ("Wolfogel") establishing that the preimportation purchase contract, personally negotiated by him with the Soviet exporter, was fully complied with by Allied and that the 2.5% price bonus was paid in full to Allied. More, Allied proffers a telex dated April 13, 1989, purporting to show that the said quantity deliveries were made, and that credit to Allied for the 2.5% price bonus was acknowledged by the Soviet exporter.

Without disputing the foregoing material facts, defendant raises the point that the establishment of such facts alone under plaintiff's moving papers leave unad-

dressed the critical event required to trigger a *deductible* bonus, *i.e.,* the contract's contingencies relating to quantity deliveries and payment of the purchase price *in fact transpired by January 9, 1989, the date of entry of this merchandise.*

The court fully agrees with defendant's argument. In order for Allied to have made a case for summary judgment regarding a reduction in the transaction value for the contingent or conditional 2.5% price bonus, the court holds it was incumbent upon Allied to affirmatively show more than that there was a preimportation agreement for the bonus, that the contract was completed by Allied and that the bonus was paid. Additionally, Allied was required to show that there was no genuine issue or dispute with regard to the occurrence of these contingencies of quantity deliveries and payment prior to the date of entry. Allied's failure to make this critical showing is deemed fatal to Allied's efforts to obtain a summary judgment.

Similarly, Allied's failure after it was on notice as to defendant's requested cross-motion for summary judgment, to controvert defendant's assertion that there was no genuine issue as to any material fact, including nonperformance of the contingencies for quantity deliveries and payment by the date of entry, plainly signifies to the court that there is no genuine issue for trial.

As a matter of law, the court holds that defendant is entitled to its requested cross-motion for summary judgment affirming the appraisement and dismissing the action.

Allied's motion for summary judgment is thus denied, and defendant's cross-motion for summary judgment is granted. Hence, this action is dismissed and judgment will be entered accordingly.