**GROUP ITALGLASS U.S.A., INC. Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 91–08–00594(BN).**

United States Court of International Trade.

Aug. 25, 1992.

Soller, Shayne & Horn, Paulsen K. Vandervert, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Mark S. Sochaczewsky, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Steven Berke, Atty., U.S. Customs Service, Washington, D.C., for defendant.

OPINION AND ORDER

NEWMAN, SENIOR JUDGE:

In this civil action brought pursuant to 19 U.S.C. § 1515 contesting the denial of the administrative protests filed in accordance with 19 U.S.C. § 1514(a), the complaint raises the issue of the proper tariff classification and rate of duty under the Harmonized Tariff Schedule of the United States ("HTSUS") on certain importations by Group Italglass USA, Inc. ("Italglass") in 1989 of "glass containers commonly called 'storage jars,' which are imported from Italy, Spain and China, as well as other countries" (Complaint, par. 5). According to the complaint, paragraph 6, the merchandise in dispute comprises "storage jars" classified and assessed with duty upon liquidation under subheading 7013.-39.20, HTSUS, as "glassware of a kind used for table, kitchen, toilet, office, indoor decoration or similar purposes (other than that of heading no. 7010 or 7018)." Italglass claims that the "storage jars" at issue are entitled to entry free of duty as they are more specifically provided for in subheading 7010 as "carboys, bottles, flasks, jars, pots, vials, ampoules and other containers, of glass of a kind used for the conveyance or packing of goods; preserving jars of glass; stoppers, lids and other closures, of glass"; alternatively, plaintiff claims that the glassware is dutiable under subheading 7020 as articles of glass not specially provided for.

Plaintiff challenges the denial of its protests against liquidations and hence predicates the court's jurisdiction on 19 U.S.C. § 1581(a).

Claiming that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, plaintiff seeks summary judgment under CIT Rule 56(a) sustaining its claimed classification with regard to the *glass containers defendant has described and identified as "jars," "bottles," and "canisters" in Pre-entry Classification Ruling No. PC–89–0003, dated August 1989, issued by Customs to plaintiff ("Ruling").*

In support of its motion, plaintiff submitted, *inter alia*, the 1989 Ruling includ-

ing an attached ten page listing of the Italglass line of merchandise with verbal descriptions, style numbers and pre-entry HTSUS classification subheadings and catalog photographs. However, no affidavit, deposition or other evidentiary material was submitted by plaintiff identifying the disputed invoiced items covered by the entries.

In opposition to the summary judgment motion, defendant points up, correctly, that the complaint covers only "storage jars," not "bottles" or "canisters"; that therefore plaintiff's motion seeks summary judgment on articles other than jars; that such other articles may not even be covered by the entries involved in this case; and that in any event, plaintiff has failed to adduce evidence identifying the disputed items in the entries.

In reply, plaintiff asserts that the jars, bottles, and canisters covered by the Ruling and classified by Customs under subheading 7013 are clearly identified in the entries by description and style numbers and that therefore there can be no genuine dispute as to defendant's actual knowledge of the identity of the specific Italglass items that are in issue.

As indicated by Customs in its Ruling, Customs agreed to accept entry of the Italglass merchandise at the pre-entry classification tariff numbers. Hence, in liquidating entries and in reviewing protests, Customs would obviously relate entered merchandise to any corresponding pre-entry classified merchandise. Plaintiff argues that for purposes of its motion for summary judgment, the Ruling and entries are part of the record in this case and therefore reference in plaintiff's motion to items described in the Ruling as "jars," "bottles," and "canisters" is sufficient to identify the disputed items in the subject entries. The court disagrees.

Plaintiff overlooks that these proceedings are not before the court under 19 U.S.C. § 1581(h) to review a preimportation ruling; nor is this action judicially reviewable on an administrative record. Rather, this action is here on *de novo* review under 19 U.S.C. § 1581(a)—on the pleadings and record before the court. *See* 28 U.S.C. § 2640(a)(1). Unless stipulated between the parties, plaintiff has the burden of submitting evidence on its motion identifying the specific items of merchandise in the particular entries in the case that are claimed to have been incorrectly classified by Customs. The Ruling *per se* does not perform that function.

In *de novo* judicial review under § 1581(a), the pre-entry classification ruling governs neither the scope of the merchandise covered by the complaint nor constitutes evidence of the specific items of disputed merchandise in the subject entries. Consequently, since plaintiff has adduced no affidavit or other evidence to identify the disputed items actually imported under the entries in this case, plaintiff's motion for summary judgment must fail. *See G.M. Rubber Industries, Inc. v. United States*, 81 Cust.Ct. 162, C.R.D. 78–14 (1978).

In sum, the court must agree with defendant that plaintiff has failed to establish that there are no triable issues of fact. *See Balboa Ins. Co. v. United States*, 775 F.2d 1158, 1163 (Fed.Cir.1985); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146–47 (Fed.Cir.1983). First, in proceeding *de novo* under 19 U.S.C. § 1581(a), where unlike § 1581(h), classification of only specific items of entered merchandise are in issue, plaintiff incorrectly assumes that it can identify the disputed items simply by reference to those described by Customs in a pre-entry classification review ruling. Second, with respect to the classification of the merchandise, on a motion for summary judgment plaintiff has the burden of establishing the same essential elements of its case that it would be required to prove at trial. *See Allied International v. United States*, 795 F.Supp. 449 (CIT 1992). Yet no evidence whatever was adduced by plaintiff supporting the extensive factual assertions contained in plaintiff's memorandum of law concerning the closures or use of the goods. Fundamentally, such assertions by counsel are not evidence in support of a motion for summary judgment.

For the foregoing reasons, it is hereby ORDERED that plaintiff's motion for summary judgment is denied.

Soller, Shayne & Horn (Paulsen K. Vandervert), for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Attorney in Charge, International Trade Field Office (Mark S. Sochaczewsky), Commercial Litigation Branch, Civ. Div. U.S. Dept. of Justice; Steven Berke, Attorney, U.S. Customs Service, for defendant.

