**GROUP ITALGLASS U.S.A., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 91–09–00677.**

United States Court of International Trade.

Oct. 21, 1992.

Soller, Shayne & Horn, Paulsen K. Vandevert, New York City, for plaintiff.

Stuart Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Mark S. Sochaczewsky, Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWMAN, Senior Judge.

Before the court in these consolidated actions[1] is plaintiff's motion for a rehearing and reconsideration of this court's deci-

sions of August 25, 1992 denying plaintiff's motions for summary judgment 798 F.Supp. 727, 798 F.Supp. 729, 798 F.Supp. 731, Slip Op. 92–143, 144, and 145. Plaintiff's application seeks an evidentiary hearing in support of its motions for summary judgment. Defendant opposes such application.

In the interest of effective judicial administration, plaintiff's application for reconsideration is granted, but an evidentiary hearing for submission of plaintiff's proposed evidence on the instant motions for summary judgment is denied as unnecessary.

Briefly, in the decisions of August 25, 1992 this court denied plaintiff's motions for summary judgment for the reason that plaintiff had failed to submit an affidavit or other evidence on its motion identifying the disputed merchandise under the complaint in the invoices covered by the particular entries in the case; and also on the ground that plaintiff failed to submit any evidence concerning the issues of secure closures and use of the containers. Plaintiff, in connection with its motion for reconsideration, now seeks an evidentiary hearing at which it proposes to introduce in evidence "properly qualified documentation," samples, and an authenticating affidavit of one of plaintiff's officers as part of the record in support of its motion for summary judgment. Plaintiff contends that a simple examination by the court of the samples as "potent witnesses" at the evidentiary hearing will establish the absence of any genuine issues of material fact and, as a matter of law, the correctness of plaintiff's claimed classification of its merchandise under heading 7010 of the Harmonized Tariff Schedule of the United States.

"While reconsideration of a summary judgment motion usually occurs upon the motion's renewal, the presentation of a renewed motion is not required for reconsideration, since a district court can reconsider an interlocutory ruling." 6 *Moore's Federal Practice* (2d ed.), par. 56.14[3], p.

---

1. The opinions were issued in court Nos. 91–08–00595, 91–09–00677, and 91–10–00745 before these actions were consolidated by order of September 16, 1992.

56–197. Reconsideration of an interlocutory order is entirely within the discretion of the court.

In support of its motions for summary judgment in these now consolidated actions, plaintiff is granted leave to submit samples of its glass containers, documentary evidence, and a supporting authenticating affidavit, as proposed. *See Carroll v. Paramount Pictures,* 3 F.R.D. 95 (D.C.N.Y.1942) (in action for libel based on motion picture, court could view the alleged libelous picture in connection with plaintiff's motion for summary judgment on supporting affidavits); *Arnstein v. Porter,* 154 F.2d 464 (2d Cir.1946) (in action for infringement of copyrights to musical compositions, on issue of copying, court listened to the composition as played in the phonograph recordings submitted by defendant on motion for summary judgment). Defendant, of course, may counter with affidavits, depositions or other evidentiary materials in contravention of plaintiff's submissions and motion for summary judgment. Whether, and to what extent, summary judgment is an appropriate vehicle for expeditious resolution of this case in light of these evidentiary submissions is the matter for reconsideration.

■ However, in order for the court to consider, simply, documents and physical exhibits on a motion for summary judgment, it is unnecessary for the court to hold an "evidentiary hearing." Indeed, a "minitrial" for receipt of such evidence on plaintiff's motion would impair the salutary objectives of the summary judgment vehicle—a time-honored speedy and inexpensive format for disposing of a case absent, of course, any genuine issues of material fact. Accordingly, plaintiff's request for an evidentiary hearing is denied as unnecessary.

To fully protect defendant's right to discovery, and as a condition precedent to reconsideration, plaintiff shall first comply with defendant's discovery, which shall be concluded within sixty days of the date of this order. Thereafter, within ten days following receipt of plaintiff's proposed evidentiary submissions together with a supplemental memorandum of law, defendant may serve and file opposing affidavits or other evidentiary materials and an opposition memorandum of law. Plaintiff shall have ten days thereafter within which it may file and serve a reply brief.

Plaintiff's request to file a reply brief to defendant's opposition to plaintiff's motion for reconsideration is denied, but as previously stated, plaintiff's motion for reconsideration is granted.

SO ORDERED.