GROUP ITALGLASS U.S.A., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 91–09–00677

(Dated March 29, 1993)

*On the Motion:*

Soller, Shayne & Horn (*Paulsen K. Vandevert, William C. Shayne,* and *Margaret H. Sachter,* Esqs.) for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Mark S. Sochaczewsky,* Esq.), Commercial Litigation Office, Civil Division, Department of Justice; *Stephen Berke,* Esq., United States Customs Service, of counsel, for defendant.

## MEMORANDUM OPINION AND ORDER

NEWMAN, *Senior Judge:* These three consolidated actions (91–09–00677, 91–10–00745, and 91–08–00594) contesting the classification upon liquidation of the entries by the United States Customs Service ("Customs") of certain glass jars and other glassware imported by plaintiff are before me for *de novo* review pursuant to the court's jurisdiction under 28 U.S.C. § 1581(a). *See also* 28 U.S.C. § 2640(a)(1). Plaintiff has submitted samples, documentary evidence, and supplemental memoranda of law in support its previous motions for summary judgment pursuant to CIT Rule 56, which motions were denied on August 25, 1992.

*Group Italglass U.S.A., Inc. v. United States,* 798 F. Supp. 727, 798 F. Supp. 729, and 798 F. Supp. 731 (CIT 1992). Defendant has also supplemented its previous filings in opposition on the ground that there remain genuine issues of material fact to be tried.

Briefly, these proceedings are the sequela of *Group Italglass U.S.A., Inc. v. United States,* 807 F. Supp. 124 (CIT 1992), wherein plaintiff's application for a rehearing and reconsideration of the denial of its motions for summary judgment was granted on October 21, 1992. Familiarity by the reader with the prior opinions is assumed.

The subject glassware was classified by Customs under the Harmonized Tariff Schedule of the United States ("HTSUS") subheading 7013.39.20 and assessed with duty at the rate of 30 percent *ad valorem,* as glassware of a kind used for table, kitchen, toilet, office, indoor decoration or similar purposes (other than those of heading 7010 or heading 7018). Plaintiff claims that the imported articles should have been classified under the provision in heading 7010, HTSUS, for jars and other containers of glass, of a kind used for the conveyance or packing of goods, and accordingly are duty free.

Although by statute Customs' classification under subheading 7013.39.20 must be deemed as presumptively correct (28 U.S.C. § 2639(a)(1)), if merchandise is indeed properly classifiable under heading 7010, as claimed by plaintiff, the provisions of that heading explicitly preempt those in heading 7013.39.20. Stated otherwise, plaintiff automatically overcomes the presumption of correctness attaching to Customs' classification under heading 7013.39.20 simply by establishing that its glassware is classifiable under heading 7010.

In the initial decisions of August 25 1992, plaintiff's motions for summary judgment were denied for the reasons that plaintiff had failed to adduce evidence sufficiently identifying the various glass jars, bottles, canisters, etc., in the invoices covered by the particular entries in the case, and had also failed to submit any evidence concerning the issues of secure closures and use of the containers. The decision of October 21, 1992, *supra,* permitted plaintiff to pursue further discovery and both parties to submit additional proofs and supplemental briefing on the motion for summary judgment.

Defendant now concedes that identification of the subject merchandise under the entries and commercial invoices can be determined with reference to the verbal descriptions, style numbers, and photographs in plaintiff's catalog. Accordingly, there remains no genuine issue relative to the identification of the merchandise covered by these proceedings.

We now turn to the classification issue. Defendant concedes that one of the items of glassware in dispute, style No. 016–4923 covered by Court No. 91–10–00745 and classified by Customs under subheading 7013.39.20, is properly classifiable under heading 7010. Accordingly, partial summary judgment is appropriate for plaintiff in Court No. 91–10–00745 regarding article 016–4923. The proper classification of the balance of the merchandise, however, remains in dispute.

Fundamentally, on a motion for summary judgment plaintiff has the burden of establishing the same essential elements of its case that it would be required to prove at trial, and in addition must also demonstrate that there is no genuine issue as to any material fact. *Allied International v. United States,* 795 F. Supp. 449 (CIT 1992). Plaintiff's position is that summary judgment should be entered for classification under heading 7010 because there is no issue of fact that the subject merchandise comprises glass containers with secure closures that are *suitable for use* in the conveyance or packing of goods, and therefore as a matter of law are classifiable under heading 7010. Defendant, on the other hand, argues that there is a genuine issue of material fact as to whether the merchandise was *principally used commercially* for the conveyance or packing of goods, which principal use is viewed by defendant as a prerequisite for classification under the provision of heading 7010 relied on by plaintiff.

I agree with defendant's contention. The language in heading 7010 "of a kind used for" explicitly invokes use as a criterion for classification and under heading 7010 principal use is controlling. *See* HTSUS Additional U.S. Rules of Interpretation, 1.(a). This relevant interpretative rule reads:

> 1. In the absence of special language or context which otherwise requires—
>
>> (a) a tariff classification controlled by use (other than actual use) is to be determined in accordance with the use in the United States at, or immediately prior to, the date of importation, of *goods of that class or kind* to which the imported goods belong, and *the controlling use is the principal use.* [Emphasis added.]

Plaintiff contends that the phrase "of the kind" preceding the words "used for" in heading 7010 is "special language or context which otherwise requires" within the purview of the foregoing interpretative rule, and therefore principal use is not controlling under heading 7010. I do not agree. The language in heading 7010 "of the kind" preceding "used for" simply buttresses the interpretative rule for use provisions that it is the use of the *class or kind* of goods imported that is controlling rather than the use to which the specific imports were put. A similar "class or kind" of merchandise concept was employed in the General Headnotes and Rules of Interpretation for the Tariff Schedules of the United States, rule 10(e)(i), except that the TSUS test was "chief use" of the articles of the class or kind to which the imported articles belong rather than "principal use."

Citing the *Harmonized Commodity Description and Coding System Explanatory Notes* of the Customs Cooperation Council, Section XIII, heading 70.10, defendant also urges that HTSUS heading 7010 is intended to cover glass containers commonly used commercially for the conveyance or packing of goods. Plaintiff urges the court to disregard

the *Explanatory Notes* since they cannot be used to override the clear intent of Congress or the clear language of the statute.

While admittedly not dispositive of the interpretation of HTSUS provisions, the Customs Cooperation Council's interpretation under heading 70.10 is consistent with the intended scope of heading 7010 as indicated by the specific exemplar containers, and therefore the court sees no compelling reason why the Council's useful guidance as to the intended scope of the provision should be discounted or disregarded. *Cf. Ugg International, Inc. v. United States,* 17 CIT 79, Slip Op. 93–16 (Feb. 4, 1993); *Pfaff Am. Sales Corp. v. United States,* 16 CIT 1073, Slip Op. 92–226 (Dec. 18, 1992); *Regaliti, Inc. v. United States,* 16 CIT 407, Slip Op. 92–80 (May 21, 1992). Hence, I agree with defendant that the provision claimed by plaintiff requires proof that the containers were *principally* used in the *commercial* conveyance and packing of goods.

The record before the court in support of plaintiff's motion includes, *inter alia,* an affidavit of Donald R. Sanders, plaintiff's president. The Sanders affidavit states that plaintiff is a supplier of various glass containers to food packers and processors that use plaintiff's containers to pack their food products for sales at wholesale to retailers who then sell the packed containers to consumers; and further that plaintiff also sells its containers directly to retailers who both use them for packing their own food products sold to consumers, and who resell the containers unpacked and empty to consumers to be used as storage containers.

More, Sanders alleges that the glass containers in this case are, and are designed to be, closed by a secure closure, *i.e.,* closures such as a metal bail, cork stopper or glass stopper with plastic ring, and screw top, that function to protect the containers' contents from damage, spillage, and deterioration. Continuing, the Sanders affidavit identifies samples of the containers at issue in this motion for summary judgment arranged according to the type of closure, *i.e.,* bail top, cork or glass/plastic stopper, and screw-on or snap-on top. According to Sanders, plaintiff's containers, whatever their size, shape or color, serve primarily to keep their contents intact and fresh.

Relative to secure closures, defendant states in its Modified Response to Plaintiff's Statement of Material Facts Not In Issue, par. 7, simply "that as part of this design [for storage of liquid or solid products], the articles have closures that are secure to a certain extent," and "denies that the closures are secure for all purposes." Aside from the question of whether defendant's Modified Rule 56(i) Statement, par. 7, even controverts plaintiff's Rule 56(i) Statement, pars. 7 and 8, regarding secure closures, defendant submitted no *contravening evidence* whatever on the issue of secure closures disputing Sander's statement. Consequently, there is no genuine factual dispute on the issue of secure closures insofar as they function to protect the containers' contents from damage, spillage, and deterioration. Defendant's responses to plaintiff's interrogatories state (on information and belief) that the subject jars are

used for the storage of food and other goods and some (*i.e.*. Fido type jars) may be used by retailers for packing their merchandise for sale to the ultimate consumer. However, according to defendant's interrogatory responses, when used as packaging for food or other goods, the ultimate consumers of the jars at issue retain them for reuse as storage jars. By contrast, according to defendant's interrogatory responses, glass containers intended for the packing and conveyance of goods like standard jam and jelly jars, toiletry bottles, beer bottles, phials, juice jars and ampules, usually are not reused by the ultimate consumer but rather are discarded.

Defendant's interrogatory responses further indicate that unlike ordinary glass containers used solely for conveyance and packing of goods and then discarded by the ultimate consumer, the subject merchandise represents substantial glass articles that look like mason jars and would be attractive to the ultimate consumer for reuse as household storage containers. Finally, defendant avers in response to plaintiff's interrogatories that the subject articles are sold for storage purposes to the general consumer even where they are sold packed with merchandise.

Defendant submitted in opposition to plaintiff's motion an affidavit by Nicholas Malfi, an import specialist for Customs at the New York Seaport Area, with attached catalog pages of Knobler International, Ltd. (Summer 1991) and Himark Enterprises, Inc. Mr. Malfi states that articles of the type described in the Sanders affidavit and represented by the glass articles and descriptive material before the court, regardless of size, shape, color or closure, "have been shown to be" storage articles for sale in an empty condition to the ultimate purchaser. Malfi bases his personal knowledge of the foregoing facts on his visits to retailers such as Lechter's Housewares and Gifts, Bloomingdales, Century 21 Department Store, and Dean and Deluca. The Malfi affidavit does not controvert Sander's description of the articles as "containers" or that the articles are in fact used for packing of food products. Malfi denies simply that evidence of such use was ever submitted to him.

Defendant maintains that, except for article 016–4923 covered by Court No. 91–10–00745, there are genuine issues of material fact bearing on whether the class or kind of glass articles are principally used commercially for the conveyance or packing of goods and therefore, plaintiff's motion for summary judgment must be denied.

In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). It is fundamental that in order to prevail on a motion for summary judgment, there must be no genuine issue of material fact. *See Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 148 (1970); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F. 2d 1560, 1562–64 (Fed. Cir. 1987); *Balboa*

*Ins. Co. v. United States,* 775 F.2d 1158, 1163 (Fed. Cir. 1985): *D. L. Auld Co. v. Chroma Graphics Corp.,* 714 F. 2d 1144, 1146 (Fed. Cir. 1983).

The evidentiary materials submitted by the parties indicate that the subject merchandise, whether jars, bottles or canisters, etc., comprise "containers" used both for commercial packing of food and are sold empty to ultimate consumers that use the articles for storage. Except for article 016–4923 covered by Court No. 91–10–00745—concededly classifiable under heading 7010—there is a genuine issue of material fact for trial revolving around whether the merchandise was *principally* used *commercially* for the conveyance or packing of goods.

The foregoing is a critical issue of fact to sustain plaintiff's claim for classification of the merchandise under heading 7010–on which issue plaintiff bears the burden of proof and defendant enjoys the statutory presumption of correctness of classification under heading 7013.39.20 with the coincident presumption that the merchandise does not meet the requirements for classification under heading 7010. Plaintiff's argument at length that defendant has the burden of affirmatively establishing the correctness of its classification under heading 7013.39.20 by showing the inapplicability of heading 7010 is without merit. Clearly, plaintiff has the burden of establishing that the government's classification is wrong. *Jarvis Clark Co. v. United States,* 733 F. 2d 873 (Fed. Cir. 1984).

For the foregoing reasons, plaintiff's motion for summary judgment is denied, except that partial summary judgment is entered for plaintiff respecting article 016–4923 covered by Court No. 91–10–00745. Relative to the other merchandise at issue, defendant's request that it be granted summary judgment by treating its opposition as a cross-motion is denied. *St. Regis Paper Co. v. United States,* 6 CIT 213 (1983).