**CENTURY IMPORTERS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Slip. Op. 98–119.
Court No. 95–02–00177.

United States Court of
International Trade.

Aug. 17, 1998.

Barnes, Richardson & Colburn, (Rufus E. Jarman and Frederic D. Van Arnam, Jr.), New York City, for plaintiff.

Frank W. Hunger, Assistant Attorney General, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Saul Davis and Barbara M. Epstein), Joseph M. Spraragen, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of counsel, Washington, DC, for defendant.

## OPINION

RESTANI, Judge.

This action is before the court on crossmotions for summary judgment, pursuant to USCIT Rule 56. The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994), as plaintiff challenges denial of its protest of a Customs valuation decision with regard to beer imported from Canada.

## FACTS

The merchandise at issue was imported via four entries made in 1993. At the time of entry normal duty rates had been replaced by a 50 percent duty. By virtue of a "Side Letter Agreement," dated January 14, 1993, the exporter, Molson Brewing Company, agreed to reimburse Miller Brewing Company for the duty paid.[1] One of Miller's subsidiaries, Century Importers, is the importer of record. Another subsidiary paid the origi-

nal invoice price to Molson and after importation Molson reimbursed it for the duties paid. Thus, as of January 14, 1993, the sum total of the sales agreements resulted in a price (known as the "Transfer Price") which was to be the same from Miller's point of view, no matter what the duty rate. From Molson's point of view, what it actually received in payment was going to change depending on the duty paid. This appears to be essentially a "duty paid" price transaction. The parties, however, did not label this a "duty paid" transaction, nor did the papers submitted at entry reflect anything other than a unitary invoice price.

Plaintiff asserts that, nonetheless, this was a "duty paid" transaction and that this was revealed to Customs when plaintiff presented the side agreement to Customs prior to liquidation of the entries, together with evidence of the monetary adjustments made between Molson and Miller after the duty was paid.[2] Defendant argues that it properly calculated transaction value for purposes of calculation of duties. Defendant states that there was only a transaction price, and it did not include duties. The adjustment for which plaintiff seeks credit, it asserts, is a postimportation rebate to price which is not relevant to the transaction value calculation.

██ Post-importation adjustments to price are not considered in calculating the transaction value of the merchandise, but duties ultimately paid by the exporter are not dutiable if the duty is identified separately from the price. *See* 19 U.S.C. § 1401a(b)(4)(B) (1988). The issue for the court to resolve, then, is whether a duty component of transfer price was identified separately from the price of the merchandise, and at what juncture the duty must be so identified.

## DISCUSSION

██ It is clear from the statute and regulations that, for transaction value purposes, it does not matter what method is used to arrive at the price. *See* 19 U.S.C.

---

1. The "Side Letter Agreement" was signed at the same time as were various "Alliance Agreements" among Molson, Miller and various affiliates, governing the sale of beer.

2. There appears to be no dispute between the parties that the adjustments were actually made with respect to the entries at issue.

§ 1401a(b) (1988);[3] *see also* 19 C.F.R. § 152.103 (1993)("the price . . . will be considered without regard to its method of derivation.")[4] Thus, neither Molson or Miller's understanding of the value of the goods, nor the sequence of documents or any other similar matter is relevant. Price is determinative, no matter how it is reached. Further, repayment of duties to the importer after importation to fulfill the bargain in a "duty paid" sale is not a "rebate of price" within the meaning of 19 U.S.C. § 1401a(b)(4) (1988).[5] The importer pays the duty in the first instance and the exact amount of duty is not known until liquidation, which occurs after importation. *See* Deposition of John T. Ryan, at 18, 20, Def.'s Opp. Br., at Ex. F, at 5, 6. (U.S. Customs Field National Import Specialist, as representative of defendant) [hereinafter "Ryan Deposition"]. Both parties agree that the net payment to the exporter, which is usually made after importation, would not include the amounts paid as duty, in the normal duty paid price case. Defendant has not demonstrated that a post-importation adjustment between the parties solely on account of the duties paid by the importer is substantively different from a post-importation net payment that excludes duties paid by the importer.

3. The statute provides, in relevant part:

(b) Transaction value of imported merchandise

(1) The transaction value of imported merchandise is the price actually paid or payable for the merchandise when sold for exportation to the United States, plus amounts equal to—

(A) the packing costs incurred by the buyer with respect to the imported merchandise;

(B) any selling commission incurred by the buyer with respect to the imported merchandise;

(C) the value, apportioned as appropriate, of any assist;

(D) any royalty or license fee related to the imported merchandise that the buyer is required to pay, directly or indirectly, as a condition of the sale of the imported merchandise for exportation to the United States; and

(E) the proceeds of any subsequent resale, disposal, or use of the imported merchandise that accrue, directly or indirectly, to the seller.

\* \* \* \* \* \*

(3) The transaction value of imported merchandise does not include any of the following, if identified separately from the price actually paid or payable and from any cost or other item referred to in paragraph (1):

\* \* \* \* \* \*

(B) The customs duties and other Federal taxes currently payable on the imported merchandise by reason of its importation, and any Federal excise tax on, or measured by the value of, such merchandise for which vendors in the United States are ordinarily liable.

19 U.S.C. § 1401a(b) (1988).

4. The regulations provide, in relevant part:

**§ 152.103 Transaction value**

(a) *Price actually paid or payable* -

(1) *General.* In determining transaction value, the price actually paid or payable will be considered without regard to its method of derivation. It may be the result of discounts, increases, or negotiations, or may be arrived at by the application of a formula, such as the price in effect on the date of export in the London Commodity Market. The word "payable" refers to a situation in which the price has been agreed upon, but actual payment has not been made at the time of importation.

\* \* \* \* \* \*

19 C.F.R. § 152.103(a) (1993). The regulations continue:

(i) *Exclusions from transaction value.* The transaction value of imported merchandise does not include any of the following, if identified separately from the price actually paid or payable and from any cost or other item referred to in paragraph (b) of this section:

\* \* \* \* \* \*

(2) The customs duties and other Federal taxes currently payable on the imported merchandise by reason of its importation, and any Federal excise tax on, or measured by the value of, the merchandise for which vendors in the United States ordinarily are liable.

19 C.F.R. § 152.103(i) (1993).

5. The statute provides:

(4) For purposes of this subsection -

(A) The term "price actually paid or payable" means the total payment (whether direct or indirect, and exclusive of any costs, charges, or expenses incurred for transportation, insurance, and related services incident to the international shipment of the merchandise from the country of exportation to the place of importation in the United States) made, or to be made, for imported merchandise by the buyer to, or for the benefit of, the seller.

(B) Any rebate of, or other decrease in, the price actually paid or payable that is made or otherwise effected between the buyer and seller after the date of the importation of the merchandise into the United States shall be disregarded in determining the transaction value under paragraph (1).

19 U.S.C. § 1401a(b)(4) (1988).

■ The court concludes there is no conflict between the direction of 19 U.S.C. § 1401a(b)(3)(B) not to calculate a transaction value which includes an identified customs duty and the direction of 19 U.S.C. § 1401a(b)(4) not to lower the transaction value price to reflect post-importation rebates of price. A repayment of identified *duties* is not a "rebate of price" within the meaning of the statute. The statute clearly distinguishes between duty adjustments and adjustments to price. As neither *Allied International v. United States*, 16 CIT 545, 795 F.Supp. 449 (1992), nor *Esprit de Corp. v. United States*, 17 CIT 195, 817 F.Supp. 975 (1993), relied on by defendant, involved post-importation repayment of duty in a "duty paid" transaction, they are inapposite.

■ As indicated, it is undisputed that at the time of entry, the sales price contained in the invoices accompanying the entry papers did not indicate to Customs that the transaction involved a duty paid sale. The issue is whether this is crucial and whether plaintiff is precluded from providing the information at a later date. The statute suggests that the entry documentation should break out the price from the duty, *see* 19 U.S.C. § 1401a(b), but the Ryan deposition makes clear that all that is needed in the entry documentation is an indication that the sales price is "duty paid," because specific duty rates are applicable and Customs uses a formula to calculate the price portion of the "duty paid" price. Ryan Deposition, at 20, Def.'s Opp. Br., at Ex. F, at 6. Thus, to Customs, duties are separately identified as long as the transaction is denominated "duty paid." It is not necessary to say, X amount is the price portion and Y amount is the duty portion. In any case, by the time of liquidation, the original duty portion of the transfer price was identified because the adjustments were known.

What occurred in this case was an error in the preparation of the entry papers, so that the duty-paid nature of the price was not indicated at entry. Under 19 U.S.C. § 1520(a) (1988), documentary errors of this type in entry papers ordinarily may be corrected. Thus, while it is optimal to identify "duty paid" status at entry, it may be so indicated to Customs prior to liquidation, if the omission is due to clerical error. 19 U.S.C. § 1520(a)(4). Further, the statute permits correction of other factual errors both before and within one year after liquidation. *See* 19 U.S.C. § 1520(c) (1994). If there is some reason why a factual mistake in the identification of the "duty paid" nature of a sales price should be treated differently from any other mistake of fact, it has not been demonstrated by defendant. Moreover, even if the statute could be interpreted to permit Customs to impose a more stringent test for the correction of this type of error, one would expect regulations to spell out the inapplicability of normal correction measures. There is nothing in the statutes or regulations, however, which indicates that failure to identify the "duty paid" status of a sale *at the time of entry* is an error which may never be corrected. For example, if the statute actually said identified *at time of entry or within X days thereafter*, one would have a better argument that timing was of the essence.

The court notes that because amounts of duty are easily determined by applying the specific rates set forth in domestic law, there is no fact-finding required by Customs, once it knows that the transaction is "duty-paid." Thus, the concern expressed in *Generra Sportswear Co. v. United States*, 905 F.2d 377, 380 (Fed.Cir.1990) (citing *Moss Mfg. Co. v. United States*, 896 F.2d 535, 539 (Fed.Cir. 1990)), that Commerce not engage in a "formidable fact-finding task" in valuing merchandise, is not raised. The legislative history of the statutory provision at issue makes clear that a simplified valuation regime was intended. S. Rep. 96–249, at 119 (1979), *reprinted in* 1979 U.S.C.C.A.N. 381, 505 (The amendments "represent a simplification of U.S. law and add significantly more predictability regarding the value which will be used for customs purposes."). There is no indication, however, that simple mistakes may not be corrected, particularly where, as here, the inquiry to be made by Customs is not complicated by fact finding Congress intended would be avoided.

Accordingly, the court finds that if "transaction value" valuation methodology applies to these entries, plaintiff will prevail. Defen-

dant has belatedly indicated that it might not have applied transaction value if it had viewed this as a "duty paid" situation, but it did not plead in the alternative to reevaluate the entries under another valuation methodology. Further, Customs did not propose to examine the relatedness of parties with an eye to using another valuation method, even when it knew the size of what it considered a "rebate." Thus, the argument that the size of the duty in a duty-paid sale would have triggered an investigation which might have resulted in use of another valuation methodology seems disingenuous. In any case, the court accepts the pleadings as they are, as well as the parties' mutual assertions that all material facts are not in dispute.

Judgment is entered for plaintiff. Entry Nos. 112–5838964–9, 112–6033706–5, 112–6033707–3, and 112–6033750–3 shall be revalued and reliquidated in accordance with this opinion, and refund shall be made to plaintiff with interest thereon, as provided by law.

### JUDGMENT

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

**IT IS HEREBY ORDERED:** that judgment is entered for plaintiff. Entry Nos. 112–5838964–9, 112–6033706–5, 112–6033707–3, and 112–6033750–3 shall be revalued and reliquidated in accordance with this opinion, and refund shall be made to plaintiff with interest thereon as provided by law.